**STATE of Missouri, Respondent,**

v.

**Norman Cornelius FLOYD, Appellant.**

No. 51689.

Supreme Court of Missouri,
Division No. 2.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Donald L. Randolph, Asst. Atty. Gen., Jefferson City, for respondent.

No attorney for appellant.

DONNELLY, Judge.

Defendant Norman Cornelius Floyd entered a plea of guilty to a charge of first degree murder in the Circuit Court of the City of St. Louis and was sentenced to imprisonment in the penitentiary for the remainder of his natural life. Sections 559.-010 and 559.030 RSMo 1959, V.A.M.S.

On March 16, 1965, defendant filed in the Circuit Court of the City of St. Louis his Motion to Vacate Sentence and Judgment under Supreme Court Rule 27.26, V.A.M.R., and a Motion for Reduction of Punishment. Defendant in his motions asserts that the judgment and sentence of the trial court are unconstitutional and without due process of law in that: (1) The indictment is "no good"; (2) a confession was taken from him by force and under coercion and was involuntarily made, and (3) the "punishment assessed is greater than under the circumstances of the case ought to be inflicted."

The Circuit Court of the City of St. Louis considered the motions on March 23, 1965, and overruled them without an evidentiary hearing. Defendant perfected an appeal to this Court.

In State v. King, Mo.Sup., 380 S.W.2d 370, 373, the applicable law under Rule 27.26, V.A.M.R., is stated as follows: "A motion filed under this rule to vacate a judgment of conviction is not a step in a criminal proceeding against the defendant, but is, like habeas corpus, a means of testing the validity of his detention after conviction. Under this proceeding a collateral inquiry may be made as to the validity of the judgment under which defendant is held. The proceeding is governed by Court rules applicable to civil proceedings. State v. Warren, Mo.Sup., 344 S.W.2d 88, 90 [2]; State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135; State v. Johnstone, Mo.Sup., 350 S.W.2d 774, 777 [3–6], certiorari denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280. If the motion presents no material issues of fact, or if the issues presented may be determined by the record and files in the original case, the Court may summarily rule the motion, since the Court may take judicial notice of its own records and the prior proceedings in the case. Also, if only issues of law are presented the Court may summarily rule the motion. If material issues of fact not previously ruled are presented, a hearing must be had and the Court must 'make findings of fact and conclusions of law with respect thereto.' State v. Pickle and Proffit, Mo.Sup., 376 S.W.2d 181 and State v. Herron, Mo.Sup., 376 S.W.2d 192."

The indictment charges in part that on the 17th day of June 1962, at the City of St. Louis, defendant "feloniously, wilfully, premeditatedly, deliberately, on purpose, and of his malice aforethought did make an assault upon one LOUISE LOGAN, and the said NORMAN CORNELIUS FLOYD with his fists, and then and there feloniously, wilfully, premeditatedly, deliberately, on purpose, and of his malice aforethought did strike, hit and beat with great force and violence at and upon the body of the said LOUISE LOGAN thereby feloniously inflicting a mortal wound, from which said Mortal wound LOUISE LOGAN did die on the 28th day of June 1962; * * *."

The indictment sets out the method and means by which the death of deceased was effected by defendant and contains all the necessary elements to charge murder in the first degree. Section 559.-010 RSMo 1959, V.A.M.S.; State v. Finn, Mo.Sup., 243 S.W.2d 67, 70. The crime of murder in the first degree may be committed with the fists. State v. Haynes, Mo. Sup., 329 S.W.2d 640; State v. Beard, 334

**616**

Mo. 909, 68 S.W.2d 698; State v. Hyland, 144 Mo. 302, 46 S.W. 195. The indictment is sufficient in form and substance to charge the offense of murder in the first degree.

 Defendant asserts that a confession taken from him by police officers, prior to the proceedings in the trial court, was involuntary and was obtained in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and of the Constitution of the State of Missouri. The record shows that defendant, in the presence of his court-appointed attorney, entered a plea of guilty to the charge of first degree murder set forth in the indictment. "A voluntary plea of guilty is a solemn confesssion of the truth of the charge to which it is entered * * *." State v. Hadley, Mo.Sup., 249 S.W.2d 857, 860. Examination of the record shows that the only reference to defendant's prior confession was made by the Assistant Circuit Attorney when the plea of guilty was taken and sentence imposed by the trial court. The mention of this confession could have affected only the extent of punishment assessed by the trial court. Defendant's punishment was assessed at imprisonment for the remainder of his natural life. This was the minimum punishment which could have been assessed for murder in the first degree. Section 559.030 RSMo 1959, V.A.M.S.; State v. Tillett, Mo.Sup., 233 S.W.2d 690. For this reason, also, the trial court did not err in refusing defendant's request for a reduction of sentence.

The trial court properly overruled defendant's Motion to Vacate Sentence and Judgment without a hearing. The files and record show that defendant is entitled to no relief. State v. Kitchin, Mo. Sup., 300 S.W.2d 420; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804; State v. Small, Mo.Sup., 386 S.W.2d 379.

The order and judgment are affirmed.

All concur.