**STATE of Missouri, Respondent,**

**v.**

**Josephus KEEBLE, Appellant.**

**No. 52900.**

Supreme Court of Missouri,
Division No. 2.

April 8, 1968.

Motion for Rehearing or to Transfer to Court
En Banc Denied May 13, 1968.

Norman H. Anderson, Atty. Gen., Gerald L. Birnbaum, Asst. Atty. Gen., Jefferson City, for respondent.

Stephen F. Hanlon, St. Louis, for appellant.

FINCH, Presiding Judge.

This is an appeal from an order overruling defendant's motion to vacate sentence and judgment under Supreme Court Rule 27.26 (all references are to V.A.M.R.).

Defendant originally was tried on a charge of murder in the first degree. He was convicted of murder in the second degree and in June, 1961, was sentenced to a term of twenty-five years imprisonment. A motion for new trial was filed and overruled, but an appeal was not taken.

Subsequently, on December 21, 1964, defendant pro se filed a motion to vacate under Rule 27.26. This motion was overruled on December 24, 1964, without an evidentiary hearing, and that order and judgment was affirmed on appeal. State v. Keeble, Mo., 399 S.W.2d 118.

On February 21, 1967, defendant pro se filed a second motion to vacate under Rule 27.26. It was overruled without an evidentiary hearing on February 28, 1967. This is an appeal from that order.

Some allegations in both of defendant's motions relate only to trial error which would be reviewable by direct appeal but not by motion under Rule 27.26. However, both the original and the second motion to vacate also alleged ineffective assistance of counsel. The first motion referred in general terms to alleged failure to prepare for trial. The second motion, likewise in general, rambling language, again alleges ineffective assistance of counsel. It refers to alleged failure or refusal of counsel to use witnesses whose names were furnished to him by defendant, and failure of counsel to advise defendant that he could appeal as a poor person when he was unable to raise money necessary to pay counsel to represent him on appeal. In addition, the second motion asserts that the state knowingly used perjured testimony and that some of the witnesses conspired to produce perjured testimony. The allegations with respect to all these matters are largely conclusions, but some of them pertain to questions which could involve factual issues.

On September 1, 1967, an amended Rule 27.26 became effective. It provides for ap-

pointment of counsel in such proceedings where the motion raises issues of fact or law, and requires that counsel ascertain the facts and all asserted grounds for relief and make any necessary amendment of the motion. Rule 27.26(h). Such procedure should eliminate the type of confused, inadequate and incomplete pro se motions such as those involved in the two proceedings to vacate filed by this defendant.

Defendant's second pro se motion was filed and heard before the effective date of amended Rule 27.26, but this appeal is presented to us subsequent to that date. In similar situations, where it appeared that allegations might raise issues of fact on which there should be an evidentiary hearing, we have reversed and remanded for appointment of counsel and further proceedings pursuant to the amended rule. State v. Stidham, Mo., 415 S.W.2d 297. Such amended motion is required to assert all grounds for relief of which defendant has knowledge. We cannot know, of course until that has been done whether there is any basis for granting relief. After counsel is appointed and an amended motion conforming to the rule is filed, the trial court will be able to determine whether an evidentiary hearing is necessitated by the facts alleged. Rule 27.26(e). If an evidentiary hearing is necessary, what has transpired heretofore in this and the preceding 27.26 case would not serve as a bar to a hearing or a determination of the issues following an evidentiary hearing under the provisions of the amended rule.

■ We have concluded to follow the course established in State v. Stidham, supra, and other similar cases and to reverse and remand this case for that purpose, but certain questions raised with respect to availability of a transcript of the original trial necessitate further consideration of this case.

On April 5, 1967, after an appeal had been taken herein, appellant filed a motion requesting appointment of counsel on appeal, and also filed pro se a motion in the trial court requesting that court to "order the trial transcript prepared and furnished * * * so that appointed counsel may be able to search for and bring out the facts that had been alleged in petitioner's motion to vacate * * *." The trial court ordered prepared a transcript of the 27.26 proceedings only and denied the motion as to the transcript of the original trial. On appeal, appointed counsel for defendant has briefed and argued the proposition that he was entitled to receive such transcript as counsel did not represent defendant at the trial, is not familiar with what happened, and he needs the transcript to permit him to search it for grounds, if any, for relief under Rule 27.26. He points out that appointed counsel on defendant's first appeal also requested such transcript, but the request was denied.

An analysis of the situation with respect to transcripts in connection with Rule 27.26 proceedings is in order.

Proceedings under Rule 27.26 are declared to be civil proceedings, to be docketed separately from the original criminal case, the judgment in which the prisoner seeks to vacate or correct. Rule 27.26(a). Some earlier cases have referred to Rule 27.26 proceedings as being civil cases. State v. Herron, Mo., 376 S.W.2d 192; State v. King, Mo., 380 S.W.2d 370; State v. Floyd, Mo., 403 S.W.2d 613. These holdings and the provision in Rule 27.26(a) are based on the fact that, historically, proceedings such as habeas corpus and coram nobis have been denominated as civil proceedings. A motion under Rule 27.26 does not operate as a second appeal (nor as an original appeal if no direct appeal was taken from the original conviction). However, both this court and the federal courts have recognized that where a post-conviction remedy is provided, a prisoner may assert and have adjudicated therein certain questions, including those rights which have been determined to be federally guaranteed constitutional rights.

■ It is apparent that such post-conviction proceedings can operate directly on the judgment in the criminal case. The purpose of such a motion is to modify or vacate the criminal judgment, obtaining either outright release of the defendant, or a modification of the judgment and sentence in some particular, or a reversal and remand wherein the prisoner would obtain a new trial. If a new trial is granted, the original prosecution then continues. These post-conviction proceedings, therefore, are also quasi criminal in nature.[1] As a matter of fact, Rule 27.26 is contained in that portion of the rules of this court listed as "Rules of Criminal Procedure."

■ In view of the purpose of proceedings under Rule 27.26 and the fact that a further review of the propriety of the original criminal conviction results, this court has provided that a transcript on appeal of such proceedings shall be furnished to a defendant determined by the trial court to be indigent. Rule 27.26(k). Such a rule is dictated as a result of the decisions of the United States Supreme Court in Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892. In Smith v. Bennett, supra, 365 U.S. 1. c. 712, 81 S.Ct. 1. c. 897, Mr. Justice Clark, speaking for the court, said: "While habeas corpus may, of course, be found to be a civil action for procedural purposes, Ex parte Tom Tong, 1883, 108 U.S. 556, 2 S.Ct. 871, 27 L.Ed. 826, it does not follow that its availability in testing the State's right to detain an indigent prisoner may be subject to the payment of a filing fee. * * * We shall not quibble as to whether in this context it be called a civil or criminal action for, as Selden has said, it is 'the highest remedy in law, for any man that is imprisoned.' 3 Howell's State Trials 95 (1628). The availability of a procedure to regain liberty lost through criminal process cannot be made contingent upon a choice of labels. * * * When an equivalent right is granted by a State, financial hurdles must not be permitted to condition its exercise." In the subsequent case of Lane v. Brown, supra, 372 U.S. 1. c. 484, 83 S.Ct. 1. c. 773, the court said: "In Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, the Court made clear that these principles were not to be limited to direct appeals from criminal convictions, but extended alike to state postconviction proceedings."

These cases clearly establish that where a state provides for a system of post-conviction review, a free transcript on appeal must be furnished to a defendant who is an indigent. Such a transcript is authorized by § 485.100, RSMo 1959, V.A.M.S., as amended Laws 1965, p. 653. That statute authorizes a judge, in his discretion, to "order a transcript of all or any part of the evidence or oral proceedings." The reporter's fee therefor is to be taxed "against the state or county as may be proper." In order to comply with constitutional requirements spelled out in Smith v. Bennett and Lane v. Brown, both supra, our rule was amended (Rule 27.26(k)) to specifically direct that the trial court order a transcript where the defendant appealing a 27.26 order is indigent. In view of this amendment of Rule 27.26 specifically requiring that indigent defendants be furnished free transcripts on appeal, cases such as State v. Smith, Mo., 324 S.W.2d 707, which held that an indigent defendant

---

1. In the tentative draft of Standards Relating to Post-Conviction Remedies, recommended by the Advisory Committee on Sentencing and Review of the American Bar Association Project on Minimum Standards for Criminal Justice, Part 1.2 entitled "Characterization of the proceeding," provides as follows (page 7):

"The characteristics of the post-conviction remedy should not be governed by whether it is denominated a civil or criminal proceeding. It partakes of some attributes of each. The procedures should be appropriate to the objectives of the remedy. While the post-conviction proceeding will necessarily be separate from the original prosecution proceeding for many purposes, the post-conviction stage is, in a sense, an extension of the original proceeding and should be related to it insofar as feasible."

was not entitled to have a free transcript in an appeal from an order overruling a 27.26 motion, no longer are to be followed on that particular point. The transcript shall be furnished and paid for as provided in § 485.100.

The transcript herein sought is not the transcript of the proceedings on the motion under Rule 27.26. That transcript has been furnished and is on file. The transcript herein sought is of the original criminal trial in which defendant was convicted of murder in the second degree. If a notice of appeal had been filed in that case and the defendant had been determined to be an indigent, a transcript of the trial would have been made and, of course, it would now be on file and available for use in the 27.26 proceeding. Since no appeal was taken, the testimony was not transcribed and the question presented by the defendant involves whether the trial court should order that testimony transcribed and made available for use of the defendant in connection with the 27.26 proceedings.

■ Under these circumstances, we are called upon to determine whether defendant is entitled to a transcript of the original trial provided he is found to be indigent. The answer is a qualified yes, dependent on the particular circumstances. Absent a rule requiring unconditionally that the transcript be furnished on request under such circumstances (and no such rule has been adopted by this court up to this time), defendant is not entitled to such a transcript simply to permit a fishing expedition to determine if any kind of error can be found. The federal courts have not held that the state must furnish such a transcript under the circumstances described. In Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331, the court held that where new counsel is appointed on appeal to represent an indigent in a case wherein defendant was convicted in a federal court, Rule 52(b) of the Federal Rules of Criminal Procedure entitled the defendant to a transcript of the entire proceedings, but the court expressly held that this was based on provisions of the federal statutes and was not based upon constitutional requirements in that case.[2]

■ If an indigent defendant files a motion under Rule 27.26 alleging sufficient facts to entitle him to an evidentiary hearing, and a consideration of a part or all of the original trial transcript is necessary to a determination of the question or questions raised, then a partial or complete transcript should be ordered. For example, if the motion sufficiently alleges the knowing use of perjured testimony, the issue of whether the witness testified to certain things which were false could not be reviewed adequately without a transcript of what the witness testified to in the original hearing. Under such circumstances, the trial court should order at least that the testimony of that witness be transcribed and furnished. The court would have to determine whether other portions of the transcript might be necessary in connection with the determination of the issue or issues raised.

■ Another type of question which might necessitate a transcript of the original trial is a motion which sufficiently and properly alleges facts which raise the issue of ineffective assistance of counsel. If a hearing is to be held thereon, it would seem to be clear that the contention could not be reviewed and determined properly without a complete transcript of the original trial. Proof of a particular incident, unless so clearly sufficient in and of itself to amount to ineffective assistance of counsel, regardless of what else occurred, does not necessarily indicate that defendant in the whole case did not have effective assistance of counsel. A defendant is entitled to a fair trial, not a perfect one. Whether he received such a trial or was denied it on account of ineffective assistance of counsel, where the issue is suf-

2. See also the discussion by the Supreme Court of California in People v. Hill, 60 Cal.Rptr. 234, 246, 429 P.2d 586, 598.

ficiently raised, can be decided only on a basis of an examination of the entire transcript. It, of course, would not be sufficient to have the original trial judge determine that issue on the basis of his personal knowledge of the original trial and his observation thereof. That knowledge is not transcribed and is not evidence and would provide nothing for the appellate court to look at when it later undertook to determine whether or not the findings and conclusions of the trial court are clearly erroneous.[3]

■ Consequently, there are instances (examples of which we have suggested) when a transcript of prior evidence is needed to determine the questions of fact or law properly raised by a motion under Rule 27.26. When either a partial or complete transcript is needed for that purpose, it should be ordered by the trial court, assuming, of course, the indigency of the defendant, and assuming further the availability at that time of the stenographic notes of the trial and the availability of the reporter to transcribe those notes if that is necessary. If the notes or the reporter are no longer available and the notes cannot be transcribed, then the situation is not different from that where a witness who would have had knowledge is deceased and the testimony is no longer available in connection with a motion under Rule 27.-26. Under those circumstances, the question would have to be determined on the basis of whether, under the evidence offered, the defendant had sustained his burden of showing he is entitled to relief under Rule 27.26.

When a partial or complete transcript of the original trial is ordered in connection with a proceeding under Rule 27.26, as outlined above, that transcript should be ordered by the trial judge pursuant to the provisions of § 485.100, and we hold that such transcript would fall within the terms of that statutory provision.

Accordingly, the order and judgment overruling defendant's motion to vacate is reversed and the cause is remanded with directions that all further proceedings be in compliance with the provisions of amended Rule 27.26. See State v. Stidham, Mo., 415 S.W.2d 297.

EAGER, J., concurs in separate opinion filed.

DONNELLY, J., concurs and concurs in concurring opinion of EAGER, J.

Concurring Opinion

EAGER, Judge.

I approve entirely of the discussion in the principal opinion of the nature of proceedings under Amended Rule 27.26, and generally of the requirement therein concerning the furnishing of free transcripts to indigents. I filed this separate opinion merely to say that only in an exceptional case should the trial court order a full transcript of the original criminal trial for the purpose of proceedings under Rule 27.26 where no such transcript had been previously prepared; and particularly does this suggestion apply where there are merely conclusory allegations in a motion to vacate asserting that the representation by counsel at the trial was inadequate. This is becoming a rather popular line of attack upon judgments of conviction, and it is indeed very easy to make such allegations without any real or substantial foundation. We are, of course, considering whether the trial court should order a full transcript upon the allegations of the motion itself, in order to provide a fair hearing. It is my view that such an order should only be made where there are factual allegations of specific defaults or failures of counsel, and that this power of the trial court should be exercised with caution. The view has apparently become rather

---

3. See discussion of this subject, Tentative Draft of Standards Relating to Post-Con-

viction Remedies, supra, Note 1, pp. 72–76.

prevalent in the minds of many of those convicted that their counsel were all inadequate and ineffective when they did not, in fact, procure acquittals.