STATE of Missouri, Appellant,

v.

Charles R. TODD, Respondent.

No. 53560.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

James K. Prewitt, Springfield, for respondent.

EAGER, Judge.

This is an appeal by the State from an order of the Circuit Court vacating a judgment and sentence entered by it on December 17, 1962, upon a motion filed under our Rule 27.26, V.A.M.R. The situation is rather complicated and some material facts are not developed as specifically as they should be. For convenience, we shall refer to the movant, Charles R. Todd, as the defendant.

On December 17, 1962, defendant, having been found guilty by a jury, was sentenced to a term of five years for obtaining money "by means of Confidence Game." He was represented at the trial by employed counsel. The Court found that defendant had previously been convicted of a felony and therefore fixed and imposed the sentence. The judgment was that defendant be committed "for a period of Five (5) years, from the 17th day of December 1962, * * *." Therein lies the basis for the present controversy. On appeal, the judgment was affirmed. 372 S.W.2d 133.

On March 13, 1967, defendant filed, pro se, a motion to vacate the judgment, proceeding under our then Rule 27.26. It is not necessary to state in detail the contents of that motion, but in substance he alleged that the five years imposed should have run concurrently with a prior sentence (which will be referred to later) and also that he had complied with the five-year sentence under the three-fourths rule of § 216.355, RSMo 1959, V.A.M.S.[1] The Court denied that motion after an evidentiary hearing and an appeal was taken. In this Court an order was made reversing the order and judgment and remanding the cause with directions to proceed under our amended Rule 27.26 and in accordance with our opinion in State v. Stidham, Mo., 415 S.W.2d 297.

Norman H. Anderson, Atty. Gen., Jefferson City, David G. Dempsey, Special Asst. Atty. Gen., Clayton, for appellant.

---

1. All statutory citations will be to that revision.

On November 15, 1967, counsel having been appointed, a new motion to vacate the judgment was filed in accordance with and upon the form provided in our amended rule. In this motion it was alleged: that the officials of the penitentiary had caused defendant's five-year sentence (already described) to run cumulatively to a prior sentence notwithstanding the date of beginning thereof fixed in the judgment; that this action was taken without notice or hearing before the trial court; that he was under sentence from another court that he had not challenged; that his five-year sentence had been served and that he should be discharged; also, that his privately employed counsel who was paid for services at trial and on appeal failed to represent him on the appeal. This motion was later amended by leave to state that three days after defendant was received at the penitentiary on the five-year sentence the Department of Corrections "removed" him from service of that sentence and proceeded to hold him on a prior conviction, upon which he had been on parole; also, that he was ill, that the action was violative of due process, and that it constituted cruel and unusual punishment.

On December 8, 1967, an evidentiary hearing was held, with defendant present. He testified in substance: that he had been convicted and sentenced to a term of five years in Greene County, "beginning December 17, 1962"; that when he was delivered to the penitentiary, accompanied by his "sentence and judgment paper," he was processed, and that "All information stated I was serving five years for conviction in Springfield, Greene County, Missouri" (obviously a conclusion, though perhaps true); that on the third day he was called in, reprocessed, told that his parole had been broken, and told that he would serve the prior sentence before the five-year sentence; that he had previously been serving a fifteen-year sentence on a conviction for armed robbery in St. Louis, but had been out on parole for four years and seven months; that he then finished serving that prior sentence on November 18, 1966, and was discharged from it. (Many of these statements do not constitute the best evidence, but the record is generally sufficient for our purposes.) He further testified concerning his bad health and offered a certificate thereon. He also testified: that he had paid his attorney $1,700, but that he later learned that no brief had been filed on the appeal; that federal officials had a detainer on him for a two-year sentence to commence at the end of his state term. Considerable colloquy took place between defendant and the trial court which is really immaterial to our consideration.

At the conclusion of the hearing the Court entered an order sustaining the motion; therein it set aside its prior judgment, and ordered defendant discharged "for the reason that the action of the Department of Records of the Missouri State Penitentiary in arbitrarily changing the starting date of said sentence from the date designated by the Court to a time some four years later, without notice to the Court and without notice to the Defendant and without affording him a hearing before the committing Court, at which time the action of the prison authorities could have been reviewed, was a denial of due process of law under the constitution of the State of Missouri and of the United States." Defendant was, however, remanded to the Department of Corrections. An appeal was taken by the State.

Defendant has filed a motion to dismiss the appeal on three grounds, all of which are also raised as "Points Relied On" in the respondent's brief. They are: (1) that the State had no right of appeal from this order; (2) that if there was any right of appeal the right could not be exercised by the Authority General as it was here; and (3) that in the notice filed the names of the parties were reversed. We shall consider these, but it makes no difference whether we do so on the motion or as points in the brief, for the result is the same.

As to (1), the right of the State to appeal, defendant relies primarily on §§ 547.200 and 547.210, State v. Hughes, Mo.App., 223 S.W.2d 106, and State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782. These statutes and cases merely mean that in a *criminal case*, the State may not appeal except when an indictment or information has been held insufficient on motion or in arrest of judgment. Our amended Rule 27.26 expressly provides that an appeal may be taken from the order of the trial court "as in a civil case" and that the order sustaining or overruling the motion shall be deemed a final judgment "for purposes of appeal by the prisoner or by the State." Paragraph (a) of the Rule provides that such a motion "is an independent civil action which should be separately docketed." It is clear that neither the cited statutes nor the cases construing them are controlling here. The State is expressly given the right of appeal. However, defendant further says that those parts of Rule 27.26 allowing an appeal to the State are unconstitutional under Art. 5, Sec. 5 providing that court rules may not change "the right of appeal." State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782. If, as the Rule states, this is a civil action, then either party has and has always had the right of appeal from a final judgment; hence, there has been *no* change. The Rule expressly declares such actions to be civil proceedings; we have so held in State v. King, Mo., 380 S.W.2d 370, cert. denied 379 U.S. 979, 13 L.Ed.2d 569; State v. Floyd, Mo., 403 S.W.2d 613; State v. Gullett, Mo., 411 S.W.2d 227. In Floyd, supra, the Court said, loc. cit. 615: "In State v. King, Mo.Sup., 380 S.W.2d 370, 373, the applicable law under Rule 27.26, V.A.M.R., is stated as follows: 'A motion filed under this rule to vacate a judgment of conviction is not a step in a criminal proceeding against the defendant, but is, like habeas corpus, a means of testing the validity of his detention after conviction. Under this proceeding a collateral inquiry may be made as to the validity of the judgment under which defendant is held. The

proceeding is governed by Court rules applicable to civil proceedings.'" In State v. Keeble, Mo., 427 S.W.2d 404, the question was discussed at some length, and the Court recognized the nature of the proceedings as civil, although having some quasi-criminal attributes. Proceedings under this rule, if not wholly civil, would constitute a new type of action, partly civil and partly criminal, in which a right of appeal may be granted to the State without changing any "right of appeal" as theretofore existing. We hold that the State had a right of appeal and that this did not rest in the discretion of the trial court under § 547.210.

The next point is that the Attorney General did not have the right to take the appeal. Again, defendant relies largely on the provisions of § 547.210 which are in part that if, upon an indictment or information being adjudged insufficient, the "prosecuting attorney prays an appeal to an appellate court, the Court may, in its discretion, grant an appeal." We do not have such a situation here. As already pointed out, this is a wholly different type of proceeding. Rule 27.26 provides, in essence, that the *State* may appeal. Defendant says, generally, that the prosecuting attorney is responsible "for the commencement and carrying out of a criminal case to its conclusion," citing State ex rel. Dowd v. Nangle, 365 Mo. 134, 276 S.W.2d 135. That case is wholly inapplicable here; it merely held that the Circuit Attorney had the sole authority to nolle pros a criminal case or to reduce the charge, and that the Court could not take such action without the consent of the Circuit Attorney. It is true that the prosecuting attorney has the general responsibility for the prosecution of a criminal case. Under § 27.030 the Attorney General shall aid him in the trial court "when directed by the Governor." It has been held that he may assist even without an order from the Governor. State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079; see also, generally, State v. Huett, 340 Mo. 934, 104 S.W.2d 252. That statute was obviously intended primarily, if not exclu-

sively, to cover the institution and trial of criminal cases, and proceedings before grand juries. The Attorney General is expressly given the management of all appeals and writs of error to which the State is a party, Section 27.050, and he shall enforce any and all rights of the State in whatever court or jurisdiction such action may be necessary. Section 27.060. The Attorney General is the chief legal officer of the State; actually, the various offices of the prosecuting attorneys are "carved out of" this overriding authority, with local implications.

Proceedings under our Rule 27.26 have frequently been held to be similar to that of habeas corpus. State v. Turner, Mo., 353 S.W.2d 602; State v. Keeble, Mo., 427 S.W.2d 404; State v. Floyd, Mo., 403 S.W. 2d 613. Indeed the rule itself expressly incorporates all relief previously available by habeas corpus. Rule 27.26(a). In habeas corpus there is no appeal; however, the proceedings may be reviewed on certiorari, State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, and the adjudicated cases indicate that the Attorney General institutes and prosecutes such a proceeding. Stewart, supra; State ex rel. Gentry, Atty. Gen., v. Westhues, Banc, 315 Mo. 672, 286 S.W. 396. Rule 27.26 grants the right of appeal to the *State*, from an adverse ruling on a motion to vacate. That appeal is in a proceeding of a wholly different type from those provided for in § 547.210, upon which defendant relies. In the absence of any applicable statutory prohibition, and in view of the general authority of the Attorney General to represent the State in such matters, we hold that the Attorney General did have the authority to file the notice of appeal. Certainly, under the practice and the statutes generally, he would always be required to prosecute it.

■ The next point, No. 3, requires no real discussion. It asserts that the notice of appeal was invalid merely because the caption used was State of Missouri vs. Charles R. Todd, rather than a showing of the parties in reverse order. We frequently note such transpositions and disregard them. The body of this notice stated clearly that the State was appealing, the notice bore the correct number and it was duly filed in the present case. The point is of no substance and it is denied. No one could possibly have been misled. In fact, both parties have entitled their briefs in the manner thus objected to.

■ Finally, we reach the State's contention on the merits that the order vacating the judgment and sentence and discharging the defendant was clearly erroneous. The reason given by the trial court for its action was that the Department of Corrections had acted arbitrarily in failing to comply with (and in changing) the "starting date" of the sentence as fixed therein by the trial court, "without notice to the Court" or to the defendant and without a hearing "before the committing court," all of which it concluded was a denial of due process. We have determined that this order must be reversed. The basic error occurred when the Court attempted to *fix* the date for the beginning of the sentence in its original judgment. The *law*, and not the trial court, fixes such dates, and a recital such as appeared in this judgment is mere surplusage. State v. Amsden, Mo., 299 S.W.2d 498; Higlin v. Kaiser, Banc, 352 Mo. 796, 179 S.W.2d 471; State v. Hicks, Mo., 376 S.W.2d 160; State v. Testerman, Mo., 408 S.W.2d 90; King v. Swenson, Mo., 423 S.W.2d 699. Section 222.020 provides that when one "while under sentence" commits a crime in any county of the state, he may be tried therefor, and in case of conviction the sentence "shall not commence to run until the expiration of the sentence under which he is held." This statute has long been held to be controlling. See the cases last cited. And it has been held specifically that it is also applicable to a previously convicted person who is on parole at the time of the second conviction. King v. Swenson, supra; State v. Hicks, supra; State v. Campbell, Mo., 307 S.W.2d 486, cert. denied 356 U.S. 922, 78 S.Ct. 708, 2 L.Ed.2d 718. In other words, this defendant *was* being "held" under a prior

sentence during the period involved here. That sentence, as testified to by the defendant at the hearing on the present motion, was one of 15 years for armed robbery imposed in St. Louis County in about 1956; defendant has not and does not challenge that conviction and sentence. Strangely enough, upon examination of the transcript on the original appeal from this now contested five-year sentence, we find that the prior conviction there shown and found was one of two years from St. Charles County on a "bogus check" charge, which sentence had allegedly been served, with *no mention of the robbery conviction and sentence.* But be that as it may, our opinion on the original appeal, 372 S.W.2d 133, shows that when the controverted five-year sentence was imposed the Court had found that defendant had been previously convicted of a felony; whether it then knew that he was out on parole from a prior sentence is immaterial. The law, by Section 222.020, steps in and takes care of that situation. It is clear that the armed robbery sentence had not then been completed, by defendant's own admission.

■ Technically, the prison authorities erred when they initially assigned the defendant to the new five-year sentence without checking his prior record. On the third day, however, the error was discovered, the parole was revoked, and defendant was assigned to serve the balance of his previously uncompleted term for robbery. This error or omission cannot change the provisions of § 222.020. It was entirely correct for the officials to proceed in accordance with the statute upon discovery of the error. Defendant will undoubtedly be given credit for the two or three days which he had served in the interim.

■ The State has complete authority to fix the extent of punishment for all classifications of crime, including the right to enact § 222.020; and that statute does not infringe upon the constitutional rights of due process or equal protection. King v. Swenson, Mo., 423 S.W.2d 699. There was no necessity for a notice to or a hearing before the trial court prior to the correction of the records. The defendant was notified. The officials merely complied with the law, and the trial court would have had no authority to do anything else.

■ Most of the issues covered in this point have been adjudicated in State v. Hicks, Mo., 376 S.W.2d 160. We merely refer to that opinion without any elaboration of its facts and rulings. The defendant here is not being required to serve a sentence "in instalments," as counsel contends. The erroneous entry made upon his admittance was corrected promptly, and that objection is of no substance under these facts. The cases which defendant cites on this point are inapplicable.

■ Defendant's conclusions are that: (1) under the decision of the penitentiary officials putting him back on his prior fifteen-year sentence he completed the service of that sentence in 1966; and (2) that since his five-year sentence has now been vacated he should be discharged. The courts do not propose to make the computations for the Department of Corrections, so we are in no position to affirm or deny No. (1). As to No. (2), we hold that the five-year judgment and sentence of December 17, 1962, was erroneously vacated and that the findings, conclusions and judgment of the trial court in the present proceeding are clearly erroneous. It is doubtful, to say the least, whether the relief sought in this motion is even within the scope of Rule 27.26, for it does not pretend to attack the original judgment, but rather seeks to support it, while attacking actions of the Department of Corrections, a branch of the Executive Department.

Defendant's motion to dismiss the appeal is overruled. The order and judgment of the trial court is reversed, with directions to reinstate the original judgment of December 17, 1962.

DONNELLY, Acting P. J., and EWING, Special Judge, concur.

FINCH, P. J., not sitting.