# EULAS CHARLES SMITH, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 458 S.W.2d 647.

Court of Criminal Appeals of Tennessee. July 9, 1970.

Certiorari Denied by Supreme Court Sept. 8, 1970.

Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Thomas F. Graves, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

Eulas Charles Smith filed a petition for the writ of habeas corpus which the trial court properly treated as a petition for post-conviction relief. He granted the State's motion to strike and Smith appeals from the order dismissing his petition without an evidentiary hearing.

His petition says he was convicted of first degree murder and robbery and sentenced to 99 years' imprisonment; that the sentence is unlawful because (1) counsel was not appointed for the preliminary hearing and (2) he was denied a transcript of the evidence of the preliminary hearing and through counsel, to cross-examine a witness there. He also asks for a transcript of the testimony of his trial.

In his petition Smith says this is his first application. To the motion to strike, the state attaches an order dismissing his previous petition heard on March 4, 1966. After a full evidentiary hearing, the trial judge dismissed that petition. It raised the same issues which he again presents here. The court found that he had counsel at the preliminary hearing; that the present law had not been enacted in 1959 at the time of the trial; that the proceedings were taken by a court reporter and typed if the case were appealed. Neither the defendant nor any of his codefendants appealed, so there is no transcript of the evidence. The petitioner did not appeal from the trial judge's findings in the 1966 petition.

The record before us includes the minutes of the trial

or what would be the technical record had the conviction been appealed.

■ When the petition has been competently drafted, and all pleadings, files and records of the case before the court conclusively show that the petitioner is entitled to no relief, the court may order the petition dismissed. T.C.A. Sec. 40-3809. For this reason the trial judge correctly dismissed this petition. Further the questions had been previously determined. See T.C.A. Sec. 40-3811.

■ Since no appeal was taken from the conviction in 1959, the testimony was not transcribed. The court found in 1966 that there was no transcript available. Moreover, a petitioner is not entitled to a transcript simply to permit a fishing expedition to determine if any kind of error can be found. See State v. Keeble (Mo.), 427 S.W.2d 404 (1968).

The judgment dismissing the petition is affirmed.

HYDER and RUSSELL, JJ., concur.