Michael A. LUNG, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 26706.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 30, 2005.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald S. Ribaudo, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Michael A. Lung (movant) was convicted, following a jury trial, of assault in the first degree, § 565.050,[1] two counts of armed criminal action, § 571.015, and attempt to commit robbery in the first degree, §§ 564.011 and 569.020. Movant was charged as, found to be, and sentenced as a prior offender. § 558.016.2.

Movant filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. Following an evidentiary hearing, the motion was denied and findings of fact and conclusions of law filed. This court affirms.

### Jurisdiction

This court must first determine if movant's notice of appeal was timely filed. The state contends it was not. "A timely filing of a notice of appeal is a jurisdictional requirement. *McGee v. Allen,* 929 S.W.2d 278, 280 (Mo.App.1996). If it is untimely filed, we are without jurisdiction and must dismiss the appeal. *Id.*" *State v. Lawrence,* 139 S.W.3d 573, 576 (Mo.App. 2004).

The motion court's order denying movant's Rule 29.15 motion was entered November 9, 2004. Movant's notice of appeal was filed December 7, 2004, 28 days after judgment was rendered. Rule 29.15(a) states, "The procedure to be followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure insofar as applicable." Rule 81.04(a) provides that a party may appeal a judgment or order as permitted by law by filing a notice of appeal with the clerk of the trial court, provided that "[n]o such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."

The state contends that because Rule 29.15(k) declares that "[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal by the movant or the state," a party must file a notice of appeal within ten days after that date. In arguing the issue, the state acknowledges that numerous cases have declared otherwise but contends those declarations were dicta; that "whether Rule 29.15(k) trumps Rule 75.01 [was not] at issue in those cases."

Rule 75.01 provides that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment." If Rule 75.01 applies, the ten days for filing a notice of appeal in a Rule 29.15 case would begin at the conclusion of the 30 days during which the motion court retained control over its order denying the motion. Or, as explained in *State v. Mackin,* 927 S.W.2d 553, 557 (Mo.App.1996), one of the cases the state contends spoke to this issue in dicta, "Under Rule 75.01, ... the motion court retained control over that judgment for thirty days after entering it. *State v. Nicks,* 883 S.W.2d 65, 69–70 (Mo.App. S.D.1994). Upon expiration of that thirty-day period, Appellant had ten days in which to file his notice of appeal. Rule 81.04(a) ...; *Nicks,* 883 S.W.2d at 70."

To determine whether a particular rule of civil procedure applies in the context of post-conviction review, the essential inquiry is whether the rule in question enhances, conflicts with, or is of neutral consequence to the purposes of the post-

---

1. References to statutes are to RSMo 2000.

conviction rule. *Nicholson v. State*, 151 S.W.3d 369, 371 (Mo. banc 2004); *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). If the civil rule enhances the purposes of the post-conviction rule or bears a neutral consequence, it applies. *Id.* If the rule hinders the purposes of the post-conviction rule, it should not apply. *Id.*

■■ The purpose of Rule 29.15 is to permit a person convicted of a felony, after trial, to challenge the conviction's validity on the bases of claims that the conviction or sentence imposed violated the constitution and laws of this state or the constitution of the United States. Rule 29.15(a). The determination of a motion court may be appealed by the movant or the state for purposes of determining if the findings and conclusions of the motion court were clearly erroneous. Rule 29.15(k). Post-convictions are not steps in criminal proceedings, but are means of testing the validity of a person's detention after conviction. *State v. Floyd*, 403 S.W.2d 613, 614 (Mo.1966). Rule 29.15 is a means by which the validity of the judgment under which a defendant is being held may be challenged in a civil proceeding. *Id.*

This court concludes that Rule 75.01 enhances the purpose of Rule 29.15 in that it affords the same opportunity for review of a motion court's ruling as is provided in other types of civil cases. It affords an opportunity for due process to litigants in post-conviction cases that is akin to other civil litigants. As such, it enhances the purposes of the post-conviction proceeding and bears neutral consequences on the merits of those cases. Rule 75.01 does not hinder the purposes of Rule 29.15.

By declaring the disposition in a post-conviction case to be "deemed a final judgment," Rule 29.15(k) assures that Rule 29.15 cases are afforded a right of appeal pursuant to provisions of § 512.020 that permit appeals of "final judgment[s] ... or from any special order after final judgment." This court finds no conflict between Rule 29.15 and Rule 75.01. Movant's notice of appeal was timely filed in that it was filed within ten days following the judgment that denied movant's motion becoming final.

## Movant's Appeal

Movant asserts three points on appeal. In each point, movant argues that the motion court erred in denying his Rule 29.15 motion because he did not receive effective assistance of counsel in his criminal case.

To prevail on his claim of ineffective assistance of counsel, movant must have proven, by a preponderance of evidence, that his trial counsel's performance was deficient and that the deficient performance prejudiced the outcome in his case (as opposed to showing the deficient performance had some conceivable effect on the outcome). *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, [738 S.W.2d 856, 857 (Mo.banc 1987)] (emphasis in original)....

*Reece v. State*, 891 S.W.2d 863, 866 (Mo. App.1995).

■ Point I argues that movant's trial counsel "failed to act as a reasonably competent attorney would under the same or similar circumstances by failing to impeach Josh Gulick with his prior inconsistent testimony at the preliminary hearing and in his pretrial deposition." Movant contends "that the state's case was based significantly on [Gulick's] testimony"; that had movant's attorney disclosed contradictions between the statements Gulick made prior to trial and his testimony at trial, "such

impeachment would have cast doubt on his credibility."

The motion court found:

Movant alleges that his counsel was ineffective for failing to impeach State's witness Josh Gulick's trial testimony with previous testimony relating to whether Movant admitted to hitting the victim in the head with the gun. Trial counsel testified that his strategy during cross-examination of Josh Gulick was to get him off the stand as quickly as possible because he was Movant's cousin and did not have as much incentive to lie. [The motion court] finds that counsel's actions were reasonable. Moreover, [the motion court] finds that even assuming that trial counsel had attempted to impeach Gulick with his prior testimony, Movant was not prejudiced. There is no reasonable probability that this impeachment would have affected the outcome of the trial considering the remainder of the evidence presented.

. . . .

Arguably, Gulick's preliminary hearing testimony and deposition testimony, while not being exactly the same as his trial testimony, was not inconsistent. Gulick related at trial that movant had stated he struck the victim on the head with a toy gun and that the gun broke. At preliminary hearing and at deposition, Gulick did not succinctly state that movant told him movant hit the victim but responded that he did not recall statements movant made beyond the answers he gave to other questions. There were references in the preliminary hearing testimony and the deposition testimony to movant having had a plastic gun before he entered the scene of the attempted robbery. The trial court concluded that, regardless of any disparity, movant was not prejudiced by movant's trial counsel's not having impeached Gulick with respect to whether movant told him movant hit the store attendant on the head with the toy gun.

This court has reviewed the evidence adduced at trial. The motion court's conclusion that movant was not prejudiced by his trial counsel's failure to impeach Gulick's testimony is not clearly erroneous.

To prevail on a claim of ineffective assistance of counsel, "[a] movant 'must satisfy *both* the performance prong and the prejudice prong.'" *Reece, supra, quoting Sanders v. State, supra.* "However, a court need not determine the performance component of the test before examining for prejudice." *Id.* Movant did not prove prejudice. Point I is denied.

■ Point II argues that movant's trial counsel was deficient in that he failed "to object to an improper argument made by the prosecutor that improperly refers to uncharged criminal conduct by [movant]." Movant contends he was prejudiced "in that the jury was allowed to consider the improper argument in determining its verdict, rather than deciding the case upon independent evaluation of the evidence alone."

Point II is directed to part of the prosecutor's closing argument in which he said:

[T]hey both knew that [movant] was going to go in that store, and maybe to burglarize it and steal money, because he had brought his little travel bag with him, filled with all of his instruments that he uses when he goes some place to commit a robbery. His gun, his mask, his gloves. Remember how they said he pulled stuff out of there.

The motion court's findings include "that counsel was not ineffective for failing to object during the State's closing argument. This statement was brief, was not dwelled upon by the State, and there is no reasonable probability that had counsel objected, that a different result would have oc-

curred. The jury convicted Movant on the evidence presented relating to the robbery, assault, and armed criminal actions, not the brief statement by the State regarding Movant's little black bag."

"The fact that an attorney fails to object to everything objectionable does not demonstrate incompetence. *State v. Bailey*, 839 S.W.2d 657, 663 (Mo.App. 1992). To afford a basis for collateral relief, '[t]here must be a showing that counsel's overall performance fell short of established norms and that this incompetence probably affected the result.' *Jones v. State*, 784 S.W.2d 789, 793 (Mo. banc), *cert. denied*, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 175 (1990)." *State v. Wright*, 934 S.W.2d 575, 588 (Mo.App. 1996). "In many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes. It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc), *cert. denied*, 519 U.S. 933, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Furthermore, "[t]o ascertain the import of the state's argument, the paragraph about which [a movant] complains must be examined in the context in which it was made. The argument 'as a whole' must be considered in determining the tenor of the challenged paragraph." *State v. Malicoat*, 942 S.W.2d 458, 461 (Mo.App.1997).

As the motion court observed, the statement about which movant complains was not dwelled upon by the state. The motion court's conclusion that the factual evidence was what the jury relied on, that the evidence was sufficient to convict movant, is not clearly erroneous. This court's review of the record does not cause it to conclude that the remark about which movant complains denied him a fair trial.

"The failure to object to objectionable evidence or argument does not establish ineffective assistance of counsel unless the error resulted in a substantial deprivation of the accused's right to a fair trial." *State v. Clark*, 913 S.W.2d 399, 406 (Mo.App.1996). Point II is denied.

Point III argues that movant's trial counsel was deficient "by failing to object when the prosecutor repeatedly made references to the September 11th terrorist attack, which were designed to inflame the passions of the jury." Movant contends this permitted the jury to consider improper references in arriving at its verdicts rather than deciding the case by means of independent and dispassionate evaluation of the evidence alone.

The motion court's findings include:

[T]his court finds that counsel was not ineffective as there is no reasonable probability that had counsel objected that [the motion court] would have sustained counsel's objections or that the result of movant's trial would have been any different. The prosecutor's comments were not an attack on movant or an attempt to compare movant to terrorists. The prosecutor did not argue that movant should be punished because of the terrorist attacks. The prosecutor's comments regarding the September 11th attack merely referenced the jury to the appropriate time frame in which this crime occurred. Moreover, the prosecutor's argument regarding what could be considered a dangerous instrument gave the jury an analogy to which they could understand. The prosecutor's references were proper, were not irrelevant, and did not prejudice movant.

The remarks regarding September 11 included a reference in opening statement to the date of the offense, September 16, 2001, as "about five days after the terrorist

attack in New York City" and noting that things had been quiet between the terrorist attack and the end of the week following the attack; that there had not been a lot of crimes committed. Then, in inquiring of a police officer, the prosecutor asked if between "9–11" and the date of the offense, there had been much going on in the county.

In closing argument, the prosecutor suggested that things that might typically be considered harmless could be dangerous instruments. He alluded to circumstances of the September 11 incident for that purpose. He asked, "[B]efore September 11, 2001[,] who would have thought a set of knitting needles was a dangerous instrument[.]" He talked of people regularly getting on airplanes with such items. He did this with regard to jury instructions that used the term "dangerous instrument."

The trial court's conclusion that the remarks were not objectionable is not clearly erroneous. Trial attorneys cannot be faulted for making non-meritorious objections. *Salazar v. State*, 66 S.W.3d 755, 760 (Mo.App.2001). Point III is denied. The judgment denying movant's Rule 29.15 motion is affirmed.

PREWITT, P.J., and RAHMEYER, J., concur.