Brian K. THOMAS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 26952.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 20, 2005.

Ellen H. Flottman, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald S. Ribaudo, Asst. Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Brian K. Thomas ("Movant") brings this appeal from the denial without a hearing of his Rule 24.035[1] motion. His claim to the motion court was that his plea counsel failed to advise him that he would not get the benefit of his plea agreement if the State of Missouri ("the State") did not promptly deliver him to the State of Arkansas for disposition of charges in Arkansas because the plea bargain and the sentence provided that Movant's Missouri sentence would be concurrent to any sentence in Arkansas. The motion court denied his motion without conducting an evidentiary hearing. We find the denial to be proper; however, first, we address the claim by the State that Movant's appeal was not timely filed.

■ The State claims Movant's notice of appeal was not timely because the time provisions of Rule 75.01[2] and Rule 81.05(a)[3] do not apply to a Rule 24.035 motion;[4] specifically, the State claims per Rule 81.04(a) that an appeal must be brought within ten days from the denial of a Rule 24.035 motion and not forty days. The State arrives at this conclusion by an analysis of the language in Rule 24.035(k), which provides that a denial of a motion is "deemed a final judgment for purposes of appeal." While acknowledging numerous cases which "assume—not hold—" that the denial of the Rule 24.035 motion does not become final until thirty days after its

---

1. All rule references are to Missouri Court Rules (2005), unless otherwise specified.

2. Rule 75.01 states:

   The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

   The thirty-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the record on appeal is filed in the appellate court.

3. Rule 81.05(a) states:

   (a) **Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken:
   (1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.
   (2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:
   (A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
   (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.
   (3) The filing and disposition of such motions has the same effect on time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court.

4. The State cites Rule 81.04(a) for its argument that Movant only had ten days to file his appeal; however, Rule 81.05(a) determines when a judgment is final. The finality of the judgment is the ultimate issue in this case.

entry,[5] the State argues that Rule 75.01 does not apply to Rule 24.035 for purposes of determining a final judgment because Rule 24.035(k) explicitly states when a *final* judgment occurs, thus making it more specific than Rule 75.01. Although the State admits that the trial court would retain jurisdiction under Rule 75.01 to re-open a Rule 24.035 proceeding at any time during the thirty days following its ruling, it claims that it is illogical for Rule 75.01 to govern when an order on a 24.035 motion becomes final because that would in essence require two finalities—(1) the order becoming a "final" judgment per Rule 24.035(k), and then (2) that order becoming a final judgment again thirty days later per Rule 81.05. The State cites Rule 30.03 as further corroboration of its interpretation of Rules 24.035 and 81.04; Rule 30.03 operates when the "notice of appeal is not filed with the clerk of the trial court within ten days after the judgment becomes final."

Finally, the State claims that Rule 75.01 refers to a "new trial" whereas Rule 24.035 refers to a "hearing" as a rationale for differentiating between when a final judgment is entered under Rule 24.035 and Rule 75.01. The State argues that "many in the legal community believe, consistent with the caselaw's [sic] assumption, that after the disposition of a post[-]conviction motion the aggrieved party has 40 days during which to file a notice of appeal" and indicates fairness might dictate allowing Movant to appeal, but to hold that future notices of appeal must be filed within ten days of the motion court's disposition of the post-conviction motion.

Regardless of the State's willingness to allow this particular appeal as a fairness option, the timely filing of a notice of appeal is a jurisdictional requirement. *McGee v. Allen,* 929 S.W.2d 278, 280 (Mo. App. S.D.1996). If the appeal is not timely filed, we are without jurisdiction and must dismiss the appeal. *State v. Lawrence,* 139 S.W.3d 573, 576 (Mo.App. E.D.2004). Movant's 24.035 motion was denied on March 16, 2005; the notice of appeal was filed on April 22, 2005, thirty-seven days after judgment was entered. We must ascertain whether the appeal was timely filed.

Rule 24.035(a) states, in pertinent part, "The procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable."

> To determine whether a particular rule of civil procedure applies in the context of post-conviction review, the essential inquiry is whether the rule in question enhances, conflicts with, or is of neutral consequence to the purposes of the post-conviction rule. *Nicholson v. State,* 151 S.W.3d 369, 371 (Mo. banc 2004); *Thomas v. State,* 808 S.W.2d 364, 366 (Mo. banc 1991). If the civil rule enhances the purposes of the post-conviction rule or bears a neutral consequence, it applies. *Id.* If the rule hinders the purposes of the post-conviction rule, it should not apply. *Id.*

*Lung v. State,* 179 S.W.3d 337 (Mo.App. S.D., 2005).

As we noted in *Lung,* in a similar analysis of Rule 29.15,[6]

---

5. *See, e.g., State v. Mackin,* 927 S.W.2d 553, 557 (Mo.App. S.D.1996); *Swiney v. State,* 27 S.W.3d 498, 499–500 (Mo.App. E.D.2000); *Bell v. State,* 164 S.W.3d 97 (Mo.App. E.D. 2005); *Bolden v. State,* 106 S.W.3d 579, 580–81 (Mo.App. W.D.2003).

6. Rules 29.15 and 24.035 are interpreted *in pari materia. Brown v. State,* 66 S.W.3d 721, 730 (Mo. banc 2002). "It is a canon of construction that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by

The purpose of Rule 29.15 is to permit a person convicted of a felony, after trial, to challenge the conviction's validity on the bases of claims that the conviction or sentence imposed violated the constitution and laws of this state or the constitution of the United States. Rule 29.15(a).... Post-convictions are not steps in criminal proceedings, but are means of testing the validity of a person's detention after conviction. *State v. Floyd,* 403 S.W.2d 613, 614 (Mo.1966).

*Id.*

We conclude, as we did in *Lung,* that an application of Rules 75.01 and 81.05(a) to a Rule 24.035 proceeding enhances the purpose of Rule 24.035 in that

[I]t affords the same opportunity for review of a motion court's ruling as is provided in other types of civil cases. It affords an opportunity for due process to litigants in post-conviction cases that is akin to other civil litigants. As such, it enhances the purposes of the post-conviction proceeding and bears neutral consequences on the merits of those cases.

*Id.* at 340. To hold that a movant must appeal the court's order within ten days, and before the decision of the court is truly a final judgment, would not enhance the post conviction rule.[7] Movant's notice of appeal was timely filed in that it was filed within ten days following the judgment that denied Movant's motion becoming final.

■ To be entitled to a hearing on a post-conviction motion, Movant must allege facts, not conclusions, that, if true, would entitle Movant to relief, the record must not refute these factual allegations, and Movant must have been prejudiced by the alleged error. *White v. State,* 939 S.W.2d 887, 893 (Mo. banc 1997).

The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.

Rule 24.035(d).

Movant claimed in his amended motion that his guilty plea was involuntary, unknowing, and unintelligent because (1) his plea counsel failed to investigate and advise him that by receiving an executed prison sentence in Missouri, he would be ineligible for a special "Boot Camp" program upon his plea of guilty to his pending charges in Arkansas and (2) his plea counsel failed to investigate and advise him that by being sentenced to prison in Missouri without inclusion of a provision for a timely return to Arkansas for disposition of his charges there, Movant would in effect be receiving a partial consecutive sentence. In short, the amended motion argues that post-conviction relief was warranted because Movant's plea counsel was ineffective because he "failed" to properly advise Movant of the adverse effects of his guilty plea on his prison sentence. The amended motion never claimed that Movant's plea counsel *misadvised* him on the

---

looking at another statute on the same subject." *Black's Law Dictionary* 807 (8th ed.2004).

7. A simple example of hindering the purposes of Rule 24.035 would be the situation where a moving court granted the Rule 24.035 motion; Movant would not file a notice of appeal if his motion had been granted. If the moving court had the authority to amend or change its judgment, on the eleventh day, the trial court could deny the motion and Movant would have no avenue of appeal.

effects of his guilty plea and prison sentence in Missouri.

Movant's point relied on in this Court, however, alleges that he was "misadvised" by counsel as to the effect of his guilty plea on his Arkansas charges and the concurrent Missouri and Arkansas sentences were material to the plea agreement. In his argument, Movant reverts to his claim to the motion court that "counsel did not tell him that without a provision for a timely return to Arkansas for disposition, the sentence there would not actually run concurrently." He further states "[y]et no one told appellant, or even seemed to realize themselves, that while a sentence can be made to run concurrently with one that has not yet been imposed, Section 558.026.3, the judge has no authority over the foreign jurisdiction."

■■■ There is a distinction between claiming ineffective assistance of counsel as it relates to a failure to advise as opposed to affirmatively providing misinformation. In *Redeemer v. State*, 979 S.W.2d 565 (Mo.App. W.D.1998), the court explained the dichotomy in the ineffective counsel claims when a plea counsel fails to advise his client as opposed to when he provides misinformation. A plea counsel has a duty to explain the possible consequences involved in a case with the defendant. *Id.* at 572. The counsel is, however, only obligated to inform the defendant of the "direct consequences" of a guilty plea. *Id.* The counsel has no obligation to inform the defendant of "collateral consequences" of the guilty plea. *Id.* Thus a counsel's failure to advise the defendant of collateral consequences of a guilty plea does not rise to the level of ineffective assistance of counsel. *Id.*

■■ A different rule applies when a defendant inquires as to a collateral consequence of his guilty plea and the plea counsel misinforms him. *Id.* Ineffective

assistance of counsel may be present when a defendant inquires as to a collateral consequence of his guilty plea, his counsel misinforms him regarding that consequence, and the defendant relies upon the misrepresentation in deciding to plead guilty. *Id.; see also, Fogle v. State,* 124 S.W.3d 509, 511–12 (Mo.App. S.D.2004) (stating that whenever counsel misinforms a defendant regarding a consequence of a guilty plea and the defendant relies on that misrepresentation in deciding to plead guilty, the distinction between direct and collateral consequences of the guilty plea is not important).

■■ Movant's amended 24.035 motion claimed that his plea counsel was ineffective for *failing to advise* and *failing to investigate* all of the consequences of Movant's guilty plea. Nowhere in Movant's amended motion does he claim that his plea counsel *provided misinformation or misadvised* him regarding a consequence of his guilty plea. Therefore, the motion court was only presented with the claim of failure to advise. The motion court had to take into consideration only the "direct consequences" of the plea in determining whether Movant should be granted a hearing on his amended 24.035 motion. We find that failing to advise Movant that he would not be eligible for a special boot camp program in Missouri and the effect of not having a provision in the plea agreement for the timely return of Movant to Arkansas to dispose of pending charges there were collateral consequences of Movant's guilty plea.

Furthermore, whether characterized as a direct or a collateral consequence of his plea, Movant's allegations regarding the consequences of his guilty plea are clearly rebutted by the record. The following exchange occurred between the court and the attorneys after an extensive recitation

by the court of Movant's legal rights and Movant's acknowledgement of those rights and a factual basis for the plea:

*The Court:* [Defense Counsel], do you know of any legal reason why the Court should not impose sentence today?

*[Defense Counsel]:* No, Your Honor, but I would like a small discussion on that before we do sentencing.

*The Court:* Very well.

*[Defense Counsel]:* It's not an argument for sentencing or against sentencing.

[Movant] has currently pending charges in Arkansas. That Arkansas case does have a plea agreement. He just needs to get down there and take care of that. I know the State wouldn't impose any kind of release on [Movant]. I would ask that you impose sentence, but I'm not sure how to get him down there the quickest to get it taken care of. I don't know if that could happen before he goes into DOC or once he gets to DOC.

*The Court:* I'm not sure that I have any better information than you, [Defense counsel], on that. But we'll certainly be happy to talk to the sheriff's department and find out if they are prepared to transport.

Or, [Prosecutor], wouldn't you think that if we notified the Arkansas authorities that they'd probably send someone up to get [Movant]?

*[Prosecutor]:* It's my understanding, Your Honor, that the Arkansas authorities have placed a hold on [Movant].

*The Court:* Right.

*[Prosecutor]:* And so whether he goes to the Department of Corrections or stays in our jail, it would be my understanding that they would come up and get him or writ him back from the Missouri Department of Corrections to the appropriate jurisdiction in Arkansas. I

**don't know that there's anything that this Court or, really to be honest, anyone here in this room can do to assist [Movant] in that regard.**

*The Court:* **I think it's up to the Arkansas folks.**

(emphasis added).

It is clear from the proceedings that there is no merit to Movant's claim, whether Movant characterizes it as misadvice or a failure to advise. Movant was fully advised by everyone present at the plea hearing that the Missouri court had no control over the decision by Arkansas authorities to return movant to Arkansas for disposition of Arkansas charges. Any alleged deficiency in this regard could not have affected the voluntariness of Movant's plea. The judgment denying Movant's Rule 24.035 motion is affirmed.

PREWITT, P.J., PARRISH, J., concur.