**STATE of Missouri, Respondent,**

v.

**Billy Glenn FAIR, Appellant.**

**No. 49418.**

Missouri Court of Appeals, Eastern District, Division 3.

July 16, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied Nov. 21, 1985.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

John Munson Morris, Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted by jury of first degree assault in violation of § 565.050, RSMo 1978 and sentenced to ten years imprisonment. He appeals. We affirm.

On March 24, 1984, Andrew Bullock left the A to Z Lounge in St. Louis and was walking down the street when someone said "Halt." Bullock raised his hands and saw defendant standing against a building. Defendant moved closer and shot Bullock with a pistol. Bullock fell to the ground but regained his feet and returned to the lounge, where he collapsed. The police and an ambulance soon arrived, and Bullock was placed in the ambulance.

Police Officer Allen was driving his patrol car when he heard the gunshot. He saw defendant and another man crouched beside a building, and Bullock staggering down the street. Defendant handed the other man a pistol and ran for his car. Officer Allen apprehended defendant and took him to the ambulance where Bullock was lying. In the presence of Officer Al-

len, a second police officer, and three ambulance attendants, Bullock identified defendant as his assailant.

At trial, defense counsel attempted in closing argument to question Bullock's identification of defendant from the ambulance, stating:

> If Andrew Bullock said those things that Officer Allen said he did, then where are the other witnesses, the ambulance attendants, to verify it? They are not here. [The prosecution] didn't bring them in here to verify that....

The ambulance attendants presumably would have testified on whether Bullock identified defendant on the night of the shooting. Defendant sought to draw an adverse inference from the prosecution's failure to call the attendants as witnesses, implying that their testimony would have been damaging.

The prosecutor responded to defendant's adverse inference argument during the rebuttal portion of closing argument. He said:

> The ambulance drivers aren't here. True. [Defense counsel] brought witnesses in—she's a good attorney and don't you think if those ambulance drivers contradicted the State's case that she'd have them sitting right there?

Defendant objected, claiming that the state was attempting to argue an improper adverse inference. The court overruled the objection, stating that the prosecutor's remarks were proper rebuttal to defendant's argument. Defendant's sole contention on appeal is that the court erred in overruling the objection to that rebuttal portion of the prosecution's closing argument which sought to draw an adverse inference from defendant's failure to call the ambulance attendants as witnesses.

Our Supreme Court recently ruled on the propriety of prosecutors' adverse inference arguments in *State v. Moore*, 620 S.W.2d 370 (Mo. banc 1981). In holding such argument permissible the Court said:

> The trial court has considerable discretion in allowing or rejecting argument of counsel, and its rulings are reversible only for abuse of discretion where the argument is plainly unwarranted.

> It is settled by numerous cases that the prosecuting attorney may comment on the failure of the defendant to call available witnesses who might reasonably be expected to give testimony in his favor. Such comments are permissible because a logical inference can be drawn from a failure to call these witnesses to testify that their testimony would be damaging rather than favorable. (citations omitted).

*Id.* at 373.

The prosecution cannot use the adverse inference argument, however, when the absent witness is equally available to both parties. As the Court noted in *Moore*, "... if a witness can be expected to testify favorably to one party, he is 'peculiarly available' to that party ..." and thus not equally available. *Id.* at 374.

The record here reveals that the ambulance attendants were equally available to both parties. The circumstances of this case are similar to those that occurred in *State v. Johnson*, 628 S.W.2d 904 (Mo.App. 1982). In *Johnson* the defendant's closing argument questioned the voluntariness of his confession by arguing that injuries sustained by defendant resulted from a police beating. Defendant sought to draw an adverse inference from the state's failure to call as a witness the hospital doctor who treated defendant's injuries, implying that the absent witness would have testified that the injuries were caused by a beating. As in the case at bar, the prosecution in *Johnson* retaliated in closing argument with an adverse inference of its own as to the significance of the witness's absence. The court there permitted the retaliation, stating:

> While it is true ... that a prosecutor may not complain of defense counsel's failure to call a witness available to both parties, that rule is subject to an exception where, as here, the argument is made by way of retaliation in answering

arguments made in the defendant's closing argument. (citations omitted).

*Id.* at 912.

Since the defense here first raised the adverse inference as to the absence of the equally available ambulance attendants, there was no error in the state's retaliation.

DOWD, P.J., and CRANDALL, J., concur.