STATE of Missouri,
Plaintiff-Respondent,

v.

Jerold POE, Defendant-Appellant.

No. 50439.

Missouri Court of Appeals,
Eastern District,
Division Ten.

Nov. 12, 1986.

Motion For Rehearing and/or Transfer
Denied Dec. 10, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Defendant Jerold Poe was found guilty of kidnapping, Count I, § 565.110, RSMo 1978, forcible sodomy, Count II, § 566.060 RSMo, Cum.Supp.1984, forcible rape, Count III, § 566.030, RSMo, Cum.Supp. 1984, and first degree robbery, Count IV, Section 569.020, RSMo 1978. As a prior offender, defendant was sentenced by the court on each of the counts. The sentences for Count I (15 years) and Count IV (20 years) were ordered to run concurrently. The sentences for Counts II and III (25 years each) were ordered to run consecutively and to commence at the expiration of the sentences imposed under Counts I and IV. Defendant appeals; we affirm.

Inasmuch as defendant's sole point on appeal relates to a comment made by the prosecutor in his final closing argument, an abbreviated statement of the facts will suffice. At about 1:00 a.m. on Saturday, July 16, 1983, the victim, a young woman, purchased cigarettes at Mitchell's Package Liquor Store in the City of St. Louis. When she returned to her car and entered it, a man approached the driver's side and placed a gun against her neck. At his command, she gave her car keys to the man who threw them to the defendant standing on the passenger side of the vehicle. The men then entered the car and ordered the victim to drive, which she did. This incident was witnessed by Hosea Wells, an employee of the liquor store, who recognized defendant from his having been around the store on prior occasions. Wells did not see the gun and did not know defendant's name at the time. Wells later learned defendant's name from the son of the Mr. Mitchell who owned the liquor store.

After the automobile left the area of the liquor store, the victim was raped and sodomized by both men. The men also took $200 from the victim's purse. They then locked her in the trunk of her car and departed. The victim was later released from the trunk by a passer-by, and she reported the matter to the police.

Later a man called the victim at her home stating, "I see you got out of the trunk okay." This man called many times, and stated that he didn't want to put her in the trunk. The victim reported the calls to police and a tracer was put on her phone. A Southwestern Bell employee testified that, after the tracer was put on, the victim called Southwestern Bell to report calls from the man who had been calling. These calls were placed from a number listed under the name of Joyce C. Poe, identified in appellant's brief as his mother. Defendant was later arrested at the address listed for that telephone number.

Defendant's sole point on appeal alleges trial court error in the failure to declare a mistrial *sua sponte* after defendant's objection to a prosecution statement during closing argument was sustained.

■ The remark in question occurred during the second half of the State's closing argument:

> [PROSECUTING ATTORNEY:] The Mitchells, he knows who the Mitchells are; he knows what their names are; he knows where the liquor store is. If they should say something substantially different, he has the power of subpoena if he—
>
> [DEFENSE COUNSEL:] That is not the case. The burden is on the Prosecutor to bring forth witnesses.
>
> [THE COURT:] Sustained.

Defendant's counsel did not ask for any further relief. He received all of the relief which he requested. Because he made no request for a mistrial or curative instruction, he has preserved nothing for our review. *State v. Sellers*, 710 S.W.2d 398, 401-2 (Mo.App.1986).

■ Using our discretion, we examine defendant's point for plain error. Rule 29.-12(b). It is true, as defendant states, that ordinarily it is improper for the State to comment on defendant's failure to call a witness. *State v. Valentine*, 587 S.W.2d 859, 864 (Mo. banc 1979). An exception to this rule exists when the prosecutor's remarks are made in response to a defense

**182**

argument about the absent witness. *State v. Johnson*, 628 S.W.2d 904, 912 (Mo.App. 1982). Defense counsel's argument included the following statements:

> ... Here we have a robbery, abduction out in front of Mitchell's liquor store. He (Hosea Wells) is apparently, in some way, related to the Mitchell's, apparently claim the Mitchell's gave him Jerrold Poe's name.

> The Mitchell's, have you noticed, did not come in to testify. That's as far as I can talk about that because there is no more evidence about that.

Later in the argument, defense counsel theorized that "someone from the Mitchell's" might have made the telephone calls from the home of Joyce C. Poe, but he stated, "I can't prove it."

■ When responding to an issue raised in defendant's closing argument, the prosecutor can go further than the normal bounds of closing arguments. *State v. Morrison*, 659 S.W.2d 346, 348 (Mo.App. 1983). The trial court has considerable discretion in permitting the use of retaliatory arguments. *Id.* In our plain error review, we find no abuse of that discretion where the prosecutor's remarks were in response to defense counsel's closing argument and the trial court sustained the defense's objection.

Defendant's point is denied. The judgment is affirmed.

KELLY and SIMON, JJ., concur.