STATE of Missouri, Respondent,

v.

Leroy L. ROSS, Appellant.

Leroy L. ROSS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 44889, WD 46176.

Missouri Court of Appeals,
Western District.

May 18, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 29, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and SPINDEN and HANNA, JJ.

BERREY, Presiding Judge.

Appellant appeals the jury verdict wherein he was convicted of kidnapping and sentenced to 15 years as a prior offender, said sentence to run consecutively to previously imposed sentences from Cass County. Appellant also appeals the motion court's denial of post-conviction relief, following an evidentiary hearing.

Briefly, the facts viewed in the light most favorable to the verdict are as follows. The victim, K.J., left work at Applebee's Restaurant in Gladstone, Missouri between 10 and 10:30 p.m. She went to Papa Nicks, a restaurant in Antioch where a friend of hers was a waitress. When her friend got off work at about 1:00 a.m., she and K.J. went to Donovan's Restaurant Bar & Grill. From there, they went to Perkins Restaurant on North Oak Street in Kansas City. As they were leaving Perkins, sometime around 3:00 a.m., they noticed four men in a blue car in the parking lot, shouting and hooting at them.

The women got into their respective cars and drove home. K.J. drove her Mazda truck home and parked in her driveway. She had gathered up her personal effects and exited the truck, when she noticed a car had pulled in behind her. Upon further investigation she discovered it to be the blue car she had seen in the Perkins lot. She was then grabbed from behind by a man wearing gloves. He held his hand over her mouth and dragged her to the

blue car. He forced her into the back seat of the car between two men. A third man was in the front passenger seat. The man who grabbed K.J. then got into the driver's seat and drove them away from K.J.'s home.

At various times thereafter K.J. was handcuffed and sexually assaulted. The occupants of the car told her they had a gun and she saw it on the front seat between the two men. She also saw a hammer on the floorboard of the rear seat. The occupants of the blue ford were James Lutes, Andy Harper, Kenny Thornburg and appellant, Leroy Ross. K.J. identified Thornburg as the person who grabbed her and forced her into the car.

K.J. was forced to undress completely and her shirt and bra were thrown out of the car. For the next 15 hours she was forced to endure repeated sexual attacks and to commit numerous acts of oral sex on at least three of the men. She was later taken to a barn loft by Thornburg, Lutes and Harper and handcuffed to Harper. When Thornburg and Lutes left the area, Harper fell asleep and K.J. slipped the handcuffs off and escaped. During the course of the incident, her legs were scratched and she suffered numerous insect bites. She walked to a nearby farm house and called the police.

During the police investigation, parties were located near K.J.'s home who had heard screams on the night of her kidnapping.

On appeal, appellant alleges three points of trial court error and two points of motion court error. According to appellant, the trial court erred in (1) failing to sustain appellant's motion to dismiss at the close of the state's case because the state failed to prove K.J.'s kidnapping was for the purpose of terrorizing her; (2) admitting Exhibit 39, a photograph of K.J.'s legs, because it was not an accurate depiction of her injuries; and (3) allowing testimony regarding neighbors who heard a scream because that denied appellant his right of confrontation and cross-examination of witnesses and was inadmissible hearsay. Appellant alleges the motion court erred in

denying appellant's Rule 29.15 motion because (1) the record reflects appellant would be charged with perjury if he testified as anticipated; and (2) his trial counsel provided ineffective assistance by failing to object to the closing argument of the state.

■ In point I, appellant contends that the state's evidence demonstrates that K.J. was kidnapped for the purpose of rape and sodomy rather than terrorizing as required by the statute under which appellant was tried, § 565.110.1(5), RSMo 1986. Appellant argues that rape and sodomy do not equate to "terrorizing." Terrorizing is defined as, "To impress with terror; To coerce by intimidation." Webster's Collegiate Dictionary (Fifth Edition). It is nonsensical to claim that a young lady, abducted from her driveway at 3:30 a.m. by four strange men and forcibly put into their car, was not terrorized. From the evidence presented, the jury could find that she was threatened with her very life, raped and sodomized over the next 15 hours and that this could only add to the terror she experienced.

■ An appellate court, in reviewing a criminal conviction, must accept as true all direct or circumstantial evidence that tends to prove a defendant's guilt. It must accept the reasonable inferences that support the verdict. *State v. Williams*, 652 S.W.2d 102, 111 (Mo. banc 1983). The court must likewise disregard all parts of the record contrary to the verdict. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981).

Appellant's point I is denied.

Appellant next complains that the trial court erred in commenting on state's Exhibit 39, a photograph of the victim's legs. In order to put appellant's point of error in proper perspective, the testimony regarding Exhibit 39 is set forth below:

Q. Can you identify Exhibits 39?

A. Yes, those are my legs and the scratches, bites on them.

Q. Does that photograph fairly and accurately depict how your legs looked after this incident?

A. Yes. My legs had more chigger bites and they were covered with large

whelps you can't see very well in the photograph.

Q. But these photographs are of your actual legs?

A. Yes.

Q. Taken real shortly after this incident?

A. Yes.

Q. And though they don't show it as bad as it really was, that's an actual photograph that fairly shows your legs?

A. Right.

The challenged remark by the trial judge regarding the scratches and bites on K.J.'s legs was made in response to an objection by appellant's attorney. The jury had already heard K.J. state that the photographs did not show how severely her legs were scratched and bitten. The trial judge indicated that the jury should keep this testimony in mind when viewing Exhibit 39. This comment did not settle this victim's credibility. In fact, the severity of the bites was not in dispute and the trial judge's comment demonstrated no bias against appellant.

■ To ensure a fair trial, the trial judge must maintain absolute impartiality. *State v. Mitchell*, 693 S.W.2d 155, 160 (Mo. App.1985). The trial judge must refrain from utterances which suggest or express an opinion as to an issue or which might prejudice the jury against the defendant. *State v. Engleman*, 634 S.W.2d 466, 473–474 (Mo.1982). "Factors used to determine the propriety of a comment include whether it was volunteered by the trial judge, was not made in response to an objection as part of the court's ruling, was made in the presence of the jury, could have been construed by the jury to the prejudice of the defendant, or indicated to the jury that it was not to reach its own determination of the facts." *Mitchell*, 693 S.W.2d at 160; *State v. Lomack*, 570 S.W.2d 711, 713 (Mo. App.1978).

■ In the instant case, the court's statement was made as part of its ruling on an objection. The statement was short and neutral. It would have been better practice for the prosecuting attorney to correct any misconception by further questioning. The comment by the trial court does not rise to the level of prejudicing appellant. It is not manifestly unjust. The remark was correctly related to what had been answered and, under the circumstances, no prejudice resulted. *State v. Phelps*, 478 S.W.2d 304, 310 (Mo.1972).

Appellant's point II is denied.

■ In point III, appellant alleges that the trial court erred by permitting testimony from the investigating officer that three of K.J.'s neighbors heard screams on the night she was kidnapped. According to appellant, such testimony denied him the right of confrontation and cross-examination of witnesses against him as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 10 and 18(a) of the Missouri Constitution and further that such evidence was inadmissible hearsay.

Officer Morris testified that during the course of his investigation three neighbors told him that they heard screams on the night K.J. was abducted. The state offered Morris's testimony to explain his conduct in the investigation, not to prove the truth of the facts asserted. "It is well established that testimony offered to explain conduct, rather than to prove the truth of the facts testified to is not inadmissible hearsay." *State v. Pettit*, 719 S.W.2d 474, 476[4] (Mo.App.1986). "When testimony is admissible under any recognized exception to the hearsay rule, then 'neither the objection that it is hearsay nor the objection that the accused is denied the right to confrontation and cross-examination is valid.'" *State v. White*, 809 S.W.2d 731, 734 (Mo.App.1991) (quoting *State v. Pieron*, 755 S.W.2d 303, 307 (Mo.App. 1988)).

In *State v. Tate*, 817 S.W.2d 578, 580 (Mo.App.1991), the court held it was not inadmissible hearsay for a paramedic to describe a spontaneous reaction of a victim. In *Tate*, the victim, who was "... not fully conscious and in great physical distress" uttered, "Don't kill me." The court ruled the evidence was properly admitted. *Id.* The state did not rely on the testimony of

Officer Morris to prove the identification of appellant. There was ample evidence identifying appellant as the kidnapper. The testimony of Morris was not inadmissible hearsay. *State v. Gee*, 822 S.W.2d 892, 895 (Mo.App.1991).

Appellant's point III is denied.

Appellant alleges in point IV that the motion court erred in not granting appellant's Rule 29.15 motion because appellant was denied his right to testify when his waiver of that right was not made knowingly, voluntarily and intelligently. Allegations of trial court error in a Rule 29.15 hearing will not be considered unless fundamental fairness requires it, which occurs in rare circumstances. *State v. Franklin*, 854 S.W.2d 438 at 444 (Mo.App.W.D.1993).

█ On March 11, 1992, the motion court conducted an evidentiary hearing on appellant's Rule 29.15 motion. In a well reasoned order, that court overruled the motion. Our review of this denial is limited to determining whether the findings, conclusions and judgment are clearly erroneous. *Jones v. State*, 771 S.W.2d 349, 351 (Mo. App.1989). Such findings and conclusions are deemed clearly erroneous if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *King v. State*, 639 S.W.2d 396, 397 (Mo.App.1982). After considerable colloquy, during which the trial court was advised appellant would testify, the court stated:

THE COURT: You've got it. Now, the next thing I want you to know is, I'm going to ask you, and so that you are not blind-sided, you need to be aware that the gentleman that represented you in that plea is on his way to this courthouse as we speak, and he will testify.

I have no idea what he's going to say. I have not talked with him. All I know is that the Prosecutor advises me that he will be here by 4:30 to testify in this cause.

You need to be advised that, if you testify here contrary to what you testified in the case in Cass County, that those two are diametrically opposed, which means that you have committed—

you have the possibility that you have committed perjury in either their courthouse or ours. That would be a Class B Felony.

The court further stated:

If there is the slightest doubt in your mind that your decision to testify is not a part of your free will and you are doing it voluntarily—I don't care whether the pressure comes from your wife, the pressure comes from Mr. Nicklas, Miss Laddish, the presence of the deputy, from whatever source. If you have felt pressured at all in making this decision, I want you to tell me now.

It is clear from the record no exceptional circumstance existed to allow appellant to claim trial court error in this post-conviction action.

█ From appellant's brief it appears that the state advised the defense counsel that if appellant testified contrary to his previous sworn testimony given at his guilty plea in Cass County, the state would charge him with perjury. It is obvious that appellant recognized the position he would be in if he testified contrary to his earlier testimony at his guilty plea. He elected not to testify. In advising the appellant that the state would enforce the perjury statutes, it cannot be said that appellant was under duress or coercion not to testify. His decision was voluntary.

Appellant claims he "was prejudiced by not being able to testify on his own behalf because of the state's heavy handed 'assurances' that appellant would be charged with *perjury if he testified.*" (Emphasis added.) First, this is an erroneous statement because the state made no such pronouncement. Rather the state advised appellant he would be charged with perjury if he testified contrary to his testimony at the guilty plea hearing. Second, the prosecuting attorney is charged with enforcement of statutes and would be remiss if he failed to prosecute a crime that he knew had occurred.

█ The state alleges that trial court error is not cognizable on a Rule 29.15 motion. This is correct. Trial court error

380 is not cognizable in a 29.15 hearing unless

is not cognizable in a 29.15 hearing unless fundamental fairness requires it be raised, and then only in exceptional circumstances. *Clemmons v. State,* 785 S.W.2d 524, 531 (Mo. banc) *cert. denied,* 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990). There was no trial court error in the instant case.

Appellant's point IV is denied.

For his fifth and final point, appellant alleges the motion court erred in denying his Rule 29.15 motion following an evidentiary hearing because his trial counsel provided ineffective assistance by failing to object to the prosecuting attorney's closing argument. The prosecuting attorney was permitted "... to argue his position, as the attorney for the state, as a reason to find appellant guilty." He also alleges ineffective assistance of counsel because counsel failed to request a curative instruction when the state argued "... appellant would rape again if he was to be acquitted."

■■■ Appellate review of the denial of a Rule 29.15 motion is confined to whether the motion court clearly erred in its findings of fact and conclusions of law. *State v. Anderson,* 785 S.W.2d 596, 600 (Mo.App.1990). The motion court's ruling is clearly erroneous if, after a review of the entire record, the appellate court has a definite or firm impression that a mistake has been made. *Id.* The two-prong test in *Strickland* must be met to establish ineffective assistance of counsel: (1) showing that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and (2) that defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The movant has a "heavy burden" in proving counsel's ineffectiveness by a preponderance of the evidence. *Amrine v. State,* 785 S.W.2d 531, 534 (Mo. banc) *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). To establish prejudice, appellant must demonstrate that a different outcome would have resulted but for error of counsel. *Sanders v. State,* 738 S.W.2d 856, 860–61 (Mo. banc 1987).

■■■ The motion court found that "trial counsel's failure to object or failure to request a curative instruction, were done as a matter of trial strategy and further ... that even if it were found that said objections or failure to request curative instructions were not done as a matter of trial strategy, no prejudice occurred as a result of said failures." The movant has not met the "heavy burden" imposed upon him by proving ineffective assistance of counsel by a preponderance of the evidence. *Amrine,* 785 S.W.2d at 534. The motion court ruling is not clearly erroneous and this court is not left with a firm conviction the motion court erred in its decision.

■■■ We next address movant's complaint that the prosecuting attorney's comments in closing argument prejudiced appellant and that appellant's counsel was ineffective because he did not request a jury instruction to disregard state's improper closing argument after the trial court had sustained his objection. The objectionable comment follows: "If you're not firmly convinced at this point in time that this Defendant kidnapped [K.J.], took her down to Cass County with his cronies, repeatedly raped, sodomized her, walk him. You put him back out on the street, let him come back to our county and rape some more folks—" Trial counsel for appellant then objected and, at the bench, stated, "He's appealing now to the personal fears of the jurors, and I believe that's improper." The court said: "Sustained. Proceed." No request was made by appellant's counsel for further relief.

To demonstrate prejudice here, movant must show there is a reasonable probability that the trial outcome would have been different "but for" the failure of trial counsel to request a curative instruction. *Sanders,* 738 S.W.2d at 857. Appellant failed to make that showing. Nor did he show that had additional relief been sought, there was a reasonable possibility that the result might have been different. *Camillo v. State,* 757 S.W.2d 234, 241 (Mo. App.1988).

The trial court promptly sustained appellant's objection. The evidence of defendant's guilt was overwhelming. Such an isolated comment would not have had a material prejudicial effect on the jury. *Cook v. State*, 752 S.W.2d 483, 485 (Mo. App.1988). Even if we accept movant's allegations as true, he has failed to allege or plead facts showing he was prejudiced by his trial counsel's failure to seek the curative instruction. *Baker v. State*, 680 S.W.2d 278, 281 (Mo.App.1984). The state's case against movant was very strong. The testimony of K.J. was firm and positive. The ruling of the motion court is not clearly erroneous nor does a review of the entire record leave us with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

Movant's point V is denied.

All concur.