**STATE of Missouri, Respondent,**

v.

**Jeffrey Wade SCHMIDT, Appellant.**

**Jeffrey Wade SCHMIDT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60348, 63567.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 10, 1993.

Application to Transfer Denied Dec. 21, 1993.

Mary J. Lake, Hillsboro, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Jeffrey Wade Schmidt, appeals from his convictions, after a jury trial, for involuntary manslaughter and armed criminal action. He was sentenced to consecutive terms of imprisonment of seven years and six years, respectively. Defendant also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that at about 8:00 p.m. on January 13, 1990, defendant and his brother-in-law returned to a bar in Hillsboro, Missouri, where they had been earlier that day. They had consumed large quantities of alcoholic beverages throughout the day. When they arrived at the bar, they had a shotgun hidden in their truck; and defendant carried a .357 magnum pistol with him, tucked in his pants out of sight. As soon as they entered the bar, they stopped at the table of the bouncer, Martin Drennen (victim). At that point, another patron, Frank Wakefield, approached them, made some comment to them about not causing trouble, and hit the brother-in-law in the face with a pool cue. When the brother-in-law fell to the floor, Wakefield continued to hit him. Defendant drew his pistol. The victim grabbed defendant from behind and pulled him out the door. Defendant and the victim continued to wrestle outside. Wakefield then went outside and jumped on defendant's back. The pistol in defendant's hand fired and the shot hit the victim in the chest. The victim died as a result of the gunshot wound.

The jury found defendant guilty of involuntary manslaughter and armed criminal action. The court sentenced him to consecutive terms of imprisonment of seven years and six years, respectively. The trial court also denied defendant's Rule 29.15 motion after an evidentiary hearing.

■ In his first point, defendant claims that the trial court erred in permitting the State to comment in closing argument about his failure to call Frank Wakefield to testify in the case. In the rebuttal portion of defendant's closing argument, defense counsel made the following remarks:

By the way, where is Frank Wakefield now? He ain't here, and he didn't testify. And he's the one who knows what really happened. He's the one that knows who threw the first punch or who hit who with the pool cue. He knows. And he's not talking to you all, is he?

In the rebuttal portion of the State's argument, the State responded:

Now, [Defense counsel] seems to have forgotten something here. Since Frank's not here, he's in Texas; there's no testimony on where Frank Wakefield was. Now how does she know he was in Texas? She says she knows where he is. They do. Do you know why? Because the State provided them with Frank Wakefield's last known address in Lubbock, Texas. That's how they know. If they wanted him here, there is a subpoena; they could have got him here.

The court overruled defendant's objection to the State's remarks, but prohibited the State from further commenting upon the subject.

Here, the State's response was invited by defense counsel's remarks. Defendant is not entitled to provoke a reply to his own argument and then assert error. *See State v. Childers,* 801 S.W.2d 442, 445 (Mo.App.1990). In directly responding to defendant's argument, the State was entitled to exceed the bounds which otherwise limit the content of closing argument. *See Id.* Because the State's remarks were in retaliation to defendant's argument, the trial court did not abuse its discretion in permitting the State's argument. Defendant's first point is denied.

■ In his second point, defendant asserts that the trial court erred in admitting into evidence hearsay testimony. The challenged testimony was that of another patron of the bar. He stated that defendant's brother-in-law had warned him that when he and defendant returned to the bar it was "going to be nasty." Defendant argues that testimony about his brother-in-law's statement was prejudicial to him in that it negated his defense of self-defense by establishing that he and his brother-in-law intended to cause trouble when they returned to the bar.

We note that, although part of defendant's claim of error related to the admission into evidence of the shotgun which was hidden in the truck, this allegation of error was not developed in the argument portion of the brief and was thus deemed abandoned. *See Saunders–Thalden and Associates, Inc. v. Thomas Berkeley Consulting Engineer, Inc.,* 825 S.W.2d 385, 387 (Mo.App.1992). Moreover, defendant's attempt to argue the claim of error in his reply brief does not preserve the issue for our review, because defendant may not raise a point for the first time in his reply brief and may not enlarge upon or change the original submissions of error. *See State v. Culkin,* 791 S.W.2d 803, 813 (Mo.App.1990).

■ It is well settled that the testimony of a witness regarding the introduction of an out-of-court statement offered as proof of the matter asserted therein is improper. *State v. Green,* 674 S.W.2d 615, 621 (Mo.App.1984).

There is a distinction, however, between the hearsay rules prohibiting a witness from relating another person's statement for its intrinsic truth and a witness's relating another person's declaration for the evidentiary fact that the statement was made. *Id.* Here, defendant's brother-in-law's statement was simply a prediction or an expression of opinion of something that might happen in the future and was used to explain subsequent conduct. The statement was admitted to establish why Wakefield confronted defendant and his brother-in-law upon their return to the bar. It was not offered to establish the truth of the matter asserted; namely, that defendant and his brother-in-law intended to cause trouble when they returned to the bar. Defendant's second point is denied.

■ In his third point, defendant asserts that the trial court erred in denying his motion to quash the venire panel because the panel was not a fair cross-section of the community, as required by the sixth and fourteenth amendments. Defendant complains that employed white men were systematically excluded from the jury panel, resulting in disproportionate numbers of women on the panel. The court excused for cause eight veniremen from the venire panel, resulting in a panel consisting of five men and 19 women.

In *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), the United States Supreme Court set forth a three-pronged test which must be met in order to establish a constitutional violation of the requirement of a fair cross-section of community representation: the group alleged to be excluded must be shown to be a distinctive group within the community; the representation of this group in the venire panel is not fair and reasonable in relation to the number of such persons in the community; and the under-representation is due to the systematic exclusion of the group in the jury selection process.

Assuming, without deciding, that employed white men constitute a distinctive group within the community, defendant did not present statistical evidence regarding venire panels as a whole over time in Jefferson County. The statistics he offered related

only to his particular venire panel. Evidence as to a single venire panel does not satisfy the test requirements prescribed by *Duren*. *See State v. Chanerl*, 793 S.W.2d 186, 190 (Mo.App.1990). Defendant's third point is denied.

In his final point, defendant contends that the court erred in overruling his Rule 29.15 motion for the reason that the facts which support a conviction of involuntary manslaughter will not support a conviction of armed criminal action. He argues that the armed criminal action statute was not intended to be applied to situations where the defendant acted recklessly and not purposefully and knowingly.

Defendant's claim of error relates to trial error. Claims of trial error are not cognizable in a Rule 29.15 motion except where fundamental fairness dictates otherwise, and then, only in rare circumstances. *Clemmons v. State*, 785 S.W.2d 524, 531 (Mo. banc 1990), *cert. denied*, 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990). There can be no fundamental unfairness here, because the identical argument to defendant's was rejected in *State v. Rowe*, 838 S.W.2d 103, 108–109 (Mo.App.1992). Defendant could therefore be convicted of involuntary manslaughter and armed criminal action in that he used a gun and acted recklessly. Defendant's fourth point is denied.

The judgment of the trial court as to defendant's convictions is affirmed. The judgment of the court as to defendant's Rule 29.15 motion is also affirmed.

REINHARD and CRIST, JJ., concur.