**STATE of Missouri, Respondent,**

v.

**Carlos CRUMP, Appellant.**

**No. 64087.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for possession of a controlled substance. We affirm.

On August 18, 1992, Detectives Rodney Boyer and Ted Portell of the St. Louis City Police Department were on duty when they heard a radio call for police officers to respond to 2829 North Newstead for a possible drug sale and tampering with a pay phone. The call identified two males in blue clothing as suspects. Boyer and Portell were only a few blocks away and responded to the call. Upon approaching the area, Boyer and Portell observed two males near the pay phone on the corner. The detectives pulled to the curb approximately 10 feet from the two males. Believing them to match the radio description, Boyer and Portell exited the vehicle and began to approach the two men. One of the men was Defendant, who was holding a small portable television in his hands. As the detectives approached, both detectives observed Defendant drop a small plastic baggie containing a white substance. Detective Portell retrieved the baggie, while Boyer detained Defendant.

Believing the white substance to be crack cocaine, Portell arrested Defendant. The second male, Carl Olafant, was also arrested because he had an outstanding warrant. Both men were transported in the same car to the police station by Portell and Boyer. The State subsequently charged Defendant with the Class C felony of possession of a controlled substance. A jury convicted him and the judge sentenced Defendant to seven years' imprisonment.

On appeal, Defendant first contends the trial court erred in allowing the State to argue in its closing an adverse inference from Defendant's failure to call Carl Olafant because Carl Olafant is equally available to the State and not peculiarly available to Defendant.

The argument in question occurred during the rebuttal portion of the State's closing argument:

[STATE:] Now, the defense has made a big deal about where this Olafant, they were both to ride together.

[DEFENSE:] Objection, Your Honor. He wouldn't say anything that my client would want him to say.

[COURT:] Overruled. Proceed.

[STATE:] If that guy had anything valuable to say they can subpoena him in here and they can put him on the stand and they can make him testify. They could have brought him in here. He's not here because he would have heard (sic) the defendant.

■ Generally, it is improper for the State to draw an adverse inference in closing on a defendant's failure to call a specific witness to testify. *State v. Poe*, 721 S.W.2d 180, 181 (Mo.App.1986). However, a well-established exception exists where the State's comments are made in retaliation to answer arguments made in the defendant's closing. *State v. Fair*, 699 S.W.2d 14, 15–16 (Mo.App.1985). The trial court has considerable discretion in allowing retaliatory arguments. *Poe*, 721 S.W.2d at 182.

■ In this case, the State's comments that Defendant could have subpoenaed Olafant to testify is not improper. Defendant called attention to the fact the State had not called Carl Olafant as a witness. Defendant's closing argument included:

These officers asked both men or both young men to make statements. These officers didn't know who possessed these drugs. Since there is an equal possibility that these drugs belong to another person who isn't here who the State hasn't brought in as a witness, there is reasonable doubt in this case that Carlos Crump isn't guilty.

The State's comments were proper retaliation. *See, State v. Stepter*, 794 S.W.2d 649, 655[10] (Mo. banc 1990); *State v. Patterson*, 824 S.W.2d 117, 122 [12, 13] (Mo.App.1992). Point denied.

■ In Point II, Defendant argues the trial court erred in allowing Detective Boyer

to testify about hearsay statements Carl Olafant made to Defendant after they were arrested. At trial, Boyer testified:

> [BOYER:] As we were going to the station the two subjects were conversing in the back seat. The defendant was extremely upset. He was crying and carrying on that he couldn't afford to take this case. They were kind of arguing back and forth. "Tell him it's your dope." He was telling the other person. And he was saying: "No. I'm not going to. That's not my dope. That's your dope."
>
> [STATE:] Who said that statement?
>
> [BOYER:] Olafant. Carl Olafant said: "That's not my dope. That's your dope." He was continuing to cry. He couldn't afford to take this case.

Defendant contends the statements are hearsay and do not fall within any hearsay exception.

Even assuming the above statements were inadmissible hearsay, we find no prejudice. *See, State v. Cobb*, 820 S.W.2d 704, 711[6] (Mo.App.1991); *State v. Benton*, 812 S.W.2d 736, 741[9] (Mo.App.1991). Sufficient evidence existed to show Defendant possessed the cocaine. Each of the officers testified they saw Defendant drop the bag of cocaine on the ground near his feet. In addition, Detective Portell testified, without objection, to Olafant's statements. Point denied.

In Point III, Defendant contends the trial court erred in submitting Instruction No. 4, patterned after MAI–CR3d 302.04 and defining reasonable doubt, because it suggests a higher degree of doubt than is constitutionally required for acquittal. The Missouri Supreme Court has consistently upheld the reasonable doubt instruction as constitutional. *See, State v. Shurn*, 866 S.W.2d 447, 462[42] (Mo. banc 1993); *State v. Griffin*, 848 S.W.2d 464, 469[8] (Mo. banc 1993). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.