Gerry Dean REECE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19510.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 26, 1995.

---

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Gerry Dean Reece (movant) pleaded guilty to murder in the first degree. § 565.020.1, RSMo 1986. He was sentenced to imprisonment for life without eligibility for probation or parole. Following his conviction and delivery to the custody of the department of corrections, he filed a motion for post-conviction relief as permitted by Rule 24.035. An evidentiary hearing was held. The motion court filed findings of fact and conclusions of law and entered judgment denying the motion.

Movant appeals the judgment denying his Rule 24.035 motion. He alleges the motion court erred in not finding that his plea of guilty was involuntary because he was not mentally competent to plead guilty and that

his trial attorneys provided ineffective assistance of counsel. This court affirms.

For purposes of appellate review of a judgment denying post-conviction relief, the findings of the motion court are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Review is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. *Id.;* Rule 24.035(j). A motion court's findings and conclusions are clearly erroneous only if, based upon review of the entire record, an appellate court is left with "the definite and firm impression that a mistake has been made." *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), citing *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Movant's first point is directed to his claim that the motion court erred in failing to find he was not mentally competent to plead guilty. The motion court found that movant was competent to enter a plea of guilty. It concluded:

> 6. The Court finds that all of the credible evidence before movant's attorneys indicated that movant did not suffer from a mental disease or defect and that he was competent to proceed. As noted in the "Findings of Fact," movant was examined comprehensively three separate times at the Fulton State Hospital by three separate forensic examiners. All three found that movant was well able to understand the proceedings against him and to assist his attorneys.

.    .    .    .    .

> 10. Equally compelling was movant's attorneys' own observations of and dealings with movant. Both Rosanswank and Vreeland[1] had no serious basis to question movant's competency to proceed given movant's communications with and assistance with them.

Pursuant to orders entered by the trial court, movant was examined by two psychologists, William Holcomb, Ph.D., and Michael P. Stacy, Ph.D., and by psychiatrist Sam Parwatikar, M.D., before he pleaded guilty. All three completed written evaluations of movant. Each concluded that movant did not suffer from a mental disease or defect and that he was competent to proceed to trial. Their written reports were part of the court file in the criminal case. The reports were admitted in evidence in this Rule 24.035 proceeding, and Dr. Stacy testified at the evidentiary hearing.

Two other psychologists, Dennis G. Cowan, Ed.D., and William A. O'Connor, Ph.D., examined movant at the request of movant's trial attorneys. Although they examined movant prior to his guilty plea, they did not provide written reports of their examinations until after he pleaded guilty. Dr. Cowan and Dr. O'Connor testified at movant's Rule 24.035 hearing. Copies of reports of their examinations were admitted in evidence.

Dr. O'Connor believed movant was not competent to stand trial at the time he was examined. Based on that examination, Dr. O'Connor gave his "best judgment" that movant would not have been competent to stand trial at the time of the guilty plea.

Dr. Cowan concluded that movant had the ability to understand the proceedings against him factually, but that movant had "difficulties" with abstract reasoning—"sequential reasoning abilities."

There was evidence that movant had previously sustained head injuries and indulged in drug abuse. Dr. O'Connor and Dr. Cowan believed movant suffered from brain damage.

As recently explained in *State v. Wise*, 879 S.W.2d 494 (Mo. banc 1994):

> A defendant is competent to stand trial if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 788, 4 L.Ed.2d 824 (1960) (per cu-

---

1. Mr. Jeffrey Rosanswank and Mr. Jack Vreeland were attorneys who represented movant in his underlying criminal case.

riam); *accord Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975) (a criminal defendant must have the "capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense"). "Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." *Godinez v. Moran*, — U.S. —, —, 113 S.Ct. 2680, 2688, 125 L.Ed.2d 321 (1993).

*Id.* at 507. *See also Wilson*, 813 S.W.2d at 835.

Having reviewed the record of the proceedings before the motion court and the transcript from movant's guilty plea hearing, this court concludes that the motion court's finding that movant was competent to stand trial in that he demonstrated the capacity to understand the nature and object of the proceedings against him and the ability to consult with counsel and assist in preparing his defense is supported by substantial evidence and is not against the weight of the evidence. Giving deference to the motion court's opportunity to assess the credibility of the witnesses, this court holds that the motion court's finding that movant was competent to stand trial at the time of his plea of guilty is not clearly erroneous. Point I is denied.

■ Points II and III are based on movant's contention that he received ineffective assistance of counsel in his criminal case. To prevail on his claim of ineffective assistance of counsel, movant must have proven, by a preponderance of evidence, that his trial counsel's performance was deficient and that the deficient performance prejudiced the outcome in his case (as opposed to showing the deficient performance had some conceivable effect on the outcome). *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State, supra*, (emphasis in original). However, a court need not determine the performance compo-

nent of the test before examining for prejudice. *Id.; State v. Woods*, 861 S.W.2d 326, 333 (Mo.App.1993). Further, after a plea of guilty, ineffective assistance of counsel is relevant only to the extent it affects the voluntariness of the plea. *Wesson v. State*, 768 S.W.2d 160, 162 (Mo.App.1989); *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

In Point II movant contends the motion court erred in denying his Rule 24.035 motion because his trial counsel was ineffective in failing to investigate whether he was incompetent to enter a plea of guilty and by failing to litigate that question before movant pleaded guilty. He claims those failures rendered his plea of guilty involuntary.

■ The result reached with respect to Point I renders Point II moot. As discussed with respect to Point I, the evidence supports the motion court's finding that movant was competent to enter a plea of guilty. Thus, even if movant's trial counsel's failure to investigate and litigate the competency issue were deemed deficient performance, which this court declines to hold, movant was not prejudiced. Point II is denied.

Point III is directed to an allegation that one of the trial attorneys who represented movant during part of the proceedings in his criminal case told him that if he entered a plea of guilty, his case would be reversed on appeal. Movant contends that this promise constitutes ineffective assistance of counsel; that the motion court erred in failing to deny his Rule 24.035 motion for that reason.

Movant was represented by four assistant public defenders during the course of the proceedings in his criminal case. He was first represented by Jeffrey Rosanswank. Mr. Rosanswank was lead counsel for movant until June or July 1990, when he was moved to a different position in the state public defender system.

After Mr. Rosanswank's reassignment, he continued to have some contact with movant. He believed he had a good relationship with movant. He was concerned that the reassignment of defense attorneys might be detrimental to movant. He testified he kept in contact with movant in order to smooth the transition. Mr. Rosanswank believed movant

had greater trust in him than in the newly assigned attorneys.

Mr. Rosanswank met with movant sometime the week before April 19, 1991, at the Phelps County jail. Mr. Rosanswank had travelled from St. Louis to Springfield on business. On his return trip, he visited movant at Rolla. In making arrangements to visit movant, Mr. Rosanswank believed the purpose of the visit was to discuss the possible consequences of a trial compared to the consequences of a plea of guilty. That was what was discussed.

After Mr. Rosanswank visited movant, the attorney who was then serving as movant's lead counsel, Jack Vreeland, visited with Mr. Rosanswank. Mr. Vreeland testified that Mr. Rosanswank said his conversation with movant was about whether movant would change his mind and plead guilty; that Mr. Rosanswank indicated movant had decided to plead guilty because of a promise he had made to movant. Mr. Vreeland testified that Mr. Rosanswank told him he promised movant that if movant pleaded guilty, movant's case "would be overturned either on appeal or in a post-conviction matter." Mr. Rosanswank denied that he had made such a promise to movant.

 After talking to Jeffrey Rosanswank, Jack Vreeland talked to movant. Mr. Vreeland told movant that a plea of guilty would be conclusory; that no promise could be made that a plea of guilty would be overturned.

Movant pleaded guilty to murder in the first degree April 19, 1991. During the guilty plea hearing he was asked if any promises of leniency were made, or if anyone had suggested a lighter sentence than the plea agreement. Movant answered, "No." In response to a question asked by the trial judge, movant testified that no promises were made to him other than those that were a part of his negotiated plea agreement.

The motion court found:

Thus, there is no credible evidence that this alleged promise was even made. The alleged promisor denied making the promise and not [sic] one could testify that they heard this promise being made. Further,

even if Vreeland believed that Rosanswank made this alleged promise to movant, he corrected any misconception by movant.

The motion court noted that throughout the guilty plea hearing, "Movant repeatedly said that his guilty plea was freely and voluntarily made." It concluded that movant's plea of guilty was freely and voluntarily given; that movant did not have ineffective assistance of counsel.

The motion court's findings are not clearly erroneous. Point III is denied. The judgment denying movant's Rule 24.035 motion is affirmed.

PREWITT and CROW, JJ., concur.