**STATE of Missouri, Respondent,**

v.

**Kevin L. JONES, Appellant.**

**Nos. WD 49322, WD 50753.**

Missouri Court of Appeals,
Western District.

Feb. 13, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 2, 1996.

Application to Transfer Denied
May 28, 1996.

Rosemary E. Percival, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Philip M. Koppe, Assistant Attorney General, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Kevin Jones appeals his conviction after jury trial and sentences for murder in the second degree, section 565.021, RSMo 1986, assault in the first degree, section 565.050, RSMo 1986, and two counts of armed criminal action, Section 571.015, RSMo 1986. He argues on appeal that: 1) the trial court erred in denying his motion for mistrial; 2) the trial court clearly erred in overruling defense counsel's objection to the prosecutor's comments during closing argument that the defense could have called Detective Fraise to testify; 3) the trial court clearly erred in overruling defense counsel's objection to the state's closing argument for the jury to "send a message"; and 4) the motion court erred in denying his Rule 29.15 post-conviction motion without an evidentiary hearing.

The judgment of conviction is affirmed. The order denying the Rule 29.15 motion without an evidentiary hearing is affirmed.

Cornell Duley was shot numerous times while in his automobile located in the parking lot of a Kansas City restaurant on April 6, 1993. The fatal bullet penetrated his lungs and heart. His half-brother, Kevin Duley, sitting in the rear seat of the vehicle was struck in the leg by a bullet. The other passenger in the car, Tynell Duley, escaped unharmed.

A botched drug transaction prompted the fusillade. Earlier that evening the victim met several times with Kevin Jones and Kevin Edwards to sell the two men contraband drugs. Approximately an hour after the drugs were sold by Cornell Duley to Mr. Jones and Kevin Edwards, the group met again at a restaurant. Kevin Jones wanted his money returned because he thought the drugs he had purchased from Mr. Duley were fake. Mr. Jones stated, "So, I can't get my money back", and the gunfire commenced. Tynell Duly testified that he ducked immediately and saw only Kevin Jones shoot at the car.

The police found a loaded Glock 9–millimeter pistol and two plastic bags of procaine [1] in Cornell Duley's car. Tynell testified that no one in the car had reached for Cornell's gun which was in the floor of the back seat. The police also recovered 19 spent 9–millimeter casings and five spent .380 caliber casings from the scene. The police recovered the Mac–11 and Mr. Jones' .380 automatic pistol from which the casings were discharged. Mr. Jones' girlfriend turned in the .380 pistol to police. Ballistics tests proved the .380 caliber casings found at the scene and a .380 bullet removed from Cornell Duley's body had been fired from Mr. Jones' gun.

The day after the shooting, Mr. Jones gave a statement to the police. He was questioned for 2 hours and 45 minutes prior to making the statement. Mr. Jones then made a videotaped statement. Mr. Jones said that he fired his weapon once into the side of the passenger door. At that time, Maurice Hayes and Howard Harmon, who were with Mr. Jones, began shooting into the Duley car.

Kevin Jones was found guilty of murder in the second degree, assault in the first degree and two counts of armed criminal action following a jury trial. He was sentenced to life imprisonment on the murder conviction and 10 years imprisonment for each of the other three offenses, with the terms of imprisonment to be served concurrently. Mr. Jones filed a timely appeal.

Mr. Jones also filed a timely pro se Rule 29.15 postconviction motion. He alleged that his trial counsel was ineffective for failing to call two witnesses to the stand and in failing to object to State's closing argument when the prosecutor commented on the defense's failure to call Detective Fraise. His motion was denied without an evidentiary hearing. The appeals have been consolidated.

### I. Failure to Declare a Mistrial

■ Mr. Jones' first point on appeal claims the trial court erred in denying his motion for a mistrial based on 1) the trial court's comments to witness Kevin Duley within the hearing of the jury and 2) witness Kevin Duley receiving signals from members of the audience while he testified. Granting a mistrial is a drastic remedy and should be

---

1. Procaine is a prescription drug that resembles crack cocaine.

exercised only in extraordinary circumstances where the prejudice to the defendant cannot be removed any other way. *State v. Danback,* 886 S.W.2d 204, 209 (Mo.App.1994). The decision whether to grant or deny a mistrial is within the sound discretion of the trial court. *State v. Fleischer,* 873 S.W.2d 310, 314 (Mo.App.1994). The trial court is in the better position to determine the prejudicial effect, if any, of the incident precipitating the request. *State v. Anderson,* 698 S.W.2d 849, 852 (Mo. banc 1985). This court reviews the trial court's refusal to declare a mistrial only for abuse of discretion. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986).

### A. Comments of the Trial Judge

While being cross examined by defense counsel, Kevin Duley attempted to avoid any further questions by invoking his fifth amendment privilege against self incrimination. The proceedings went as follows:

THE WITNESS: Excuse me. I would like to plead the Fifth.

Q. Plead the Fifth?

A. Yes.

Q. You mean you don't want to testify anymore?

A. No, sir.

Q. Well, are you afraid you're going to incriminate yourself?

A. Well, sir, I don't remember a lot of things that I said and I feel that when you go back and tell them and I forget them, it makes it seem like, you, know it makes it seem like I'm lying or something. So I don't even want to go through that anymore, sir.

Q. You don't have anything to hide, do you?

A. No, sir.

Q. You've been called as a witness and you've already testified. I don't think you've got any Fifth Amendment privilege to claim.

THE COURT: Well, I agree.

When you say you don't remember something—I have a short memory too. I mean, its not—some people have short memories. What he's doing is showing you at some earlier time that you've been able to provide an answer.

THE WITNESS: Okay, sir.

THE COURT: And that's all he's doing. He's not saying you're not telling the truth. There's nothing wrong with not being able to remember. Under those circumstances are you willing to go ahead and testify?

THE WITNESS: Okay, sir.

THE COURT: All right.

Q. (By defense counsel): Are you saying you have a chronically short memory?

MR. MILLER: I'm going to object. This is argumentative.

MR. HALL: Judge, it goes to his credibility. His demeanor is something the jury can consider.

THE COURT: That's right, but asking him—you know, he's 17 years old too.

MR. HALL: Your Honor—

THE COURT: Go ahead and ask him your questions, but don't ask him unfair questions.

MR. HALL: I'll try to, Judge, but I don't think he should have any explanation for his memory loss provided by the Court.

■ A trial judge is to maintain absolute impartiality during proceedings to ensure the defendant a fair trial. *State v. Ross,* 857 S.W.2d 375, 378 (Mo.App.1993). The court must maintain a position of neutrality and should avoid any conduct which might be construed as indicating a belief on the part of the judge as to the defendant's guilt. *State v. Sykes,* 628 S.W.2d 653, 655 (Mo. banc 1982). An objection to the comments of the court must be made or the error will be considered waived unless the effect is so prejudicial it cannot be removed. *State v. Ray,* 852 S.W.2d 165, 170 (Mo.App.1993); *Sykes,* 628 S.W.2d at 655.

■ Mr. Jones did not object to the comments made by the trial judge when the above exchange occurred. Defense counsel made a remark about the comments, but did not object. It was not until the next recess when a mistrial was requested. The request

for a mistrial resulted from the court being notified that members of the audience had signaled to Mr. Duley to stop answering. At that time defense counsel requested a mistrial based on this information and additionally because of the court's comments.

■ Since defense counsel failed to timely object, review is limited to whether the prejudicial impact of the comments was so grievous as to have resulted in manifest denial of a fair trial to defendant. *Sykes,* 628 S.W.2d at 653. The proper test is whether the remarks of the trial court could have prejudiced the jury against Mr. Jones. *Id.*

■ Here the comments of the trial court did not prejudice the jury against Mr. Jones. The remarks did not indicate the court thought the defendant was guilty. The court's statement came after the witness expressed a concern about testifying when he claimed he did not remember certain things and that he thought his lack of memory in some way would serve to incriminate him. The judge's comments focused on addressing this concern.

### B. Signals from the Audience

■ It came to the attention of the court that while Kevin Duley was on the stand several members of the audience were observed making hand signals and mouthing words for Mr. Duley to stop testifying. Mr. Jones asserts that if the jury saw this misconduct it would have given them a false impression that Mr. Jones was using other persons to attempt to influence the testimony of the witness. However, no evidence was presented to indicate that the jury was aware of what had occurred. The trial court, being in a better position to determine the prejudicial effect, if any, of the incident precipitating the request did not abuse its discretion in denying Mr. Jones' request for a mistrial. *State v. Anderson,* 698 S.W.2d 849, 852 (Mo. banc 1985).

Point I is denied.

### II. Prosecution's Remarks Regarding Detective Fraise in Closing Argument

Mr. Jones asserts as his second point on appeal that the trial court erred in overruling counsel's objection to the comments by the prosecuting attorney in the rebuttal portion of his closing argument that the defense could have called Detective Fraise to testify. During defendant's closing argument, defense counsel commented on the length of time that Detective Fraise was with Mr. Jones. "What were they doing in there for 2 hours and 45 minutes?" Defense counsel argued that the detective had "softened Mr. Jones up" and implied that the videotaped statement was coerced. No evidence had been presented to the jury that supported this proposition. The prosecution replied that the defendant could have called the detective and cross-examined him about how he conducted the interview. The State's remarks were in retaliation to the argument of the defense.

■ The trial court has wide discretion in controlling closing arguments and determining what constitutes impermissible references. *State v. Castillo,* 853 S.W.2d 381, 386 (Mo.App.1993). Unless that discretion is clearly abused, the trial court's ruling on such issue should not be disturbed on appeal. *Id.*

■ Generally, a prosecuting attorney is not permitted to draw an adverse inference in closing arguments on the defendant's failure to call a specific witness. *State v. Crump,* 875 S.W.2d 241, 242 (Mo.App.1994). However, a well-established exception exists where the State answers or rebuts comments made in defendant's closing arguments. *Id.* The prosecution has considerable leeway to make retaliatory arguments. *State v. Parker,* 886 S.W.2d 908, 922 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). In responding to the defendant's arguments, the State is entitled to exceed the bounds which otherwise limit the content of closing arguments. *State v. Schmidt,* 865 S.W.2d 761, 763 (Mo.App. 1993). The defendant cannot provoke a reply and then assert error. *Id.* The trial court did not abuse its discretion in allowing the State's argument.

Point II is denied.

### III. Prosecutors' Request that the Jury "Send a Message"

Mr. Jones third point on appeal claims the trial court erred in overruling defense coun-

sel's objection to the portion of the State's argument asking the jury to "send a message" through its verdict. The prosecutor argued:

> I know I don't have to tell you the effects violent crime has had on this community and this country as a whole. This incident, unfortunately in our city, is an excellent example of that. You're in a unique position, a position some of us will never be in and you may never be in again. You've got an opportunity to do something about it. You've got an opportunity to send a message.
>
> Mr. Hall: Your Honor, we object once again. It's improper to ask the jury to send a message. They are here to decide justice in this case.
>
> Prosecutor: This is argument, your Honor.
>
> The Court: Overruled.
>
> Prosecutor: You're in a unique position. You can do something about it. We're not going to win the war on crime in this courtroom. I'm not going to pretend to you that's what this is about. But we can win a battle. We can win a battle at 31st and Prospect. I hope you'll do something about it today. The State of Missouri awaits your verdict.

 Missouri law permits a prosecutor to argue that the jury should "send a message." *State v. Sanders*, 903 S.W.2d 234, 239 (Mo.App.1995); *State v. Lambert*, 904 S.W.2d 582, 583 (Mo.App.1995); *State v. Rodgers*, 899 S.W.2d 909, 912 (Mo.App.1995). The trial court did not abuse its discretion in overruling Mr. Jones' objection.

Point III is denied.

### IV. Rule 29.15

Mr. Jones final point on appeal asserts error in the motion court's denial of his Rule 29.15 motion for postconviction relief, without granting an evidentiary hearing. His claim of ineffective assistance of counsel is based on counsel's failure to call Howard Harmon or Joy Henderson to testify on his behalf.

### A. Standard of Review

 Review of the motion court's denial of post-conviction relief is limited to determining whether the findings of fact and conclusions of law were clearly erroneous. Rule 29.15(j). The findings of the motion court in denying post-conviction relief are presumed correct. *Reece v. State*, 891 S.W.2d 863, 865 (Mo.App.1995). Findings and conclusions are clearly erroneous only if after review of the entire record this court is left with a definite and firm impression that a mistake has been made. *Dehn v. State*, 895 S.W.2d 55, 58 (Mo.App.1995).

 To prevail on a claim of ineffective assistance of counsel a two prong test must be satisfied. The movant must show counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Prejudice exists only when trial counsel's error is outcome determinative. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). Movant must overcome the presumption that counsel is competent and has the burden of proving counsel's ineffectiveness by a preponderance of the evidence. *State v. Williamson*, 877 S.W.2d 258, 262 (Mo.App.1994).

 To establish counsel was ineffective for failing to call a witness at trial defendant must prove his attorney's failure to call the witness was something other than reasonable trial strategy, the witness could have been located through reasonable investigation, the witness would have testified if called, and the testimony would have provided a viable defense to the accused. *State v. Borders*, 844 S.W.2d 49, 54(Mo.App.1992), *cert. denied* 509 U.S. 908, 113 S.Ct. 3006, 125 L.Ed.2d 698 (1993).

### B. Failure to call witnesses was not ineffective assistance of counsel

 Mr. Harmon was a co-defendant and Ms. Henderson was Mr. Jones' girlfriend. According to the defense they would have testified that Mr. Jones only fired once into the vehicle. They argue that this testimony would demonstrate that Mr. Jones did not intend to kill or cause serious physical

injury to any occupants. This argument is without merit. The deliberate use of a deadly weapon demonstrates intent to cause serious bodily injury or death. Firing one bullet into a vehicle with passengers can cause death or serious injury. The testimony of the two witnesses would not have provided a viable defense to Mr. Jones. If the testimony would not unqualifiedly support the defendant, failure to call that witness does not constitute ineffective assistance of counsel. *State v. Jones,* 885 S.W.2d 57, 58 (Mo.App. 1994).

 Additionally, Mr. Jones has failed to demonstrate that counsel's decision not to call the witnesses was something other than trial strategy. Counsel's decision not to call a witness as part of the trial strategy is virtually unchallengeable. *State v. White,* 870 S.W.2d 869, 875 (Mo.App.1993). Point IV is denied.

The judgment of conviction and the order denying the Rule 29.15 postconviction motion are affirmed.

All concur.